Youngblood v. Cunningham et al.

3. JURIS- DICTION:
Larceny of proper- ty in ano- ther State.

<hr/>

## YOUNGBLOOD V. CUNNINGHAM ET AL.

|38|571|
|85|167|

1. **SALE:**   *On execution running over sixty days.*
   Where an execution is made returnable more than sixty days from its date a sale of land under it within the sixty days is within its legal life, and is not void.   The execution is only voidable, and may be quashed· or amended at the discretion of the court issuing it, on the application of either party to the judgment.

2. **SAME:**   *On voidable execution to bona fide purchaser.*
   It is a general rule that a sale to a *bona fide* purchaser under a voidable execution, is valid.   Application should be made to the court that issued it to recall or quash it before the sale.

3. **SAME:**   *Under execution; failing to advertise the property.*
   The failure of the sheriff to advertise lands for sale under execution, will not invalidate the title of a *bona fide* purchaser.

4. **SAME:**   *Selling land in a body.*
   An execution debtor consenting that his land be sold in a body, instead of separate tracts, as directed by the Statute, cannot after-- wards object that they were sold in a body.

5. OFFICER DE FACTO: *Deputy sheriff*, etc.

A deputy sheriff, under a written appointment from the sheriff, and who has taken the oath of office, and has long acted and been recognized as deputy, is an officer *de facto*, although there is no record evidence of the approval of his appointment, as required by the Statute. (*Gantt's Dig. secs.* 5597-6000.)

6. ESTOPPEL: *Execution debtor inducing purchaser to buy his land at irregular sale.*

If an execution debtor induce one to purchase his land at the sale, he is estopped from setting up irregularities in the process, advertisement, or sale of the land to defeat the title of the purchaser.

7. ACKNOWLEDGMENT OF DEED: *By officer after his term expires*

The acknowledgment of a deed by a sheriff after the expiration of his term, for land sold under special execution from a Chancery Court, will not invalidate the sale. The purchaser may apply to the court to confirm the sale if it has not been done, and order the sheriff in office to make him a deed.

APPEAL from *Yell* Circuit Court, in Chancery.

Hon. W. W. MANSFIELD, Circuit Judge.

*W. N. May*, for appellant.

1. The special *fi. fa.* was void, being made returnable one hundred and fifty days instead of sixty, from its date. *Sec.* 2602, *Gantt's Dig.*; *Nash Pl. and Pr.*, vol. 2, 1109, *et seq.*

2. It was void because the lands were sold in a body. *Sec.* 2681, *Gantt's Dig.*

3. The land should have been sold by a Master Commissioner, *Nash Pl. and Pr.*, vol 2, 1106; *Gantt's Dig.*, 997 *to* 999. The sale was not approved by the court. *Gantt's Dig.*, sec. 4788; *Ky. Code*, 504, *note b*.

4. The sale was made by an acting deputy not legally appointed. *Gantt's Dig.*, 5597 *to* 5599; *Wells* v. *Catwall*, 1 *Marshall*, 441; 6 *Monroe*, 276. There was no valid levy by sheriff or deputy, 26 *Ark.*, 228.

5. The land was not advertised as required by law, in

the official newspaper. *Gantt's Dig. secs.* 4031 *to* 4034,. nor properly posted. *Ib., sec.* 2678.

6. The return on *fi. fa.* was false and fraudulent, and may be contradicted and falsified. *Pollard* v. *Rogers*, 1 *Bibb*, 475.

7. The fact that defendant verbally authorized the sher- iff to sell the whole tract, did not confer upon him the power to convey the legal title to the land to the purchaser,. 12 *B. Monroe*, 232.

8. A void or prejudicial sale by a sheriff will be set aside. 6 *Ark.*, 425, or one made by irregularity, mistake· or fraud, 10 *Ark.*, 544. The rule *caveat emptor* applies to · sheriff's sales. *Ib.*, 212 ; 7 *Ib.*, 167 ; 11 *Ark.*, 58. Pur- chasers must see that the records give authority for making the sale. 26 *Ark.*, 228. A sheriff's deed is prima facie evidence only, and the recitals may be put in issue, and if false, the sufficiency of the deed is effected. *Ib.* The deed was made after the sheriff's term of office expired, and is a nullity. 16 *Wendell*, 568. The mere presence of a party at a sheriff's sale does not estop him from asserting his title, 10 *Ark.*, 212. Appellants silence as to the improve- ments, would not imply acquiesence, for defendants had at least constructive notice of his rights. 30 *Ark.*, 407.

*Mansfield & Cunningham*, for appellees.

1. The *fi. fa.* was only voidable. 1 *Eng.*, 139 ; 20 *Ark.*, *Neal* v. *Jetter;* 10 *Ib.* 541 ; *Freeman on Ex., sec.* 44 ; 22 *Ark.*, 19 ; 12 *Ib.*, 421 ; *Gwynne on Sheriffs*, 202 ; 4 *Bibb*, 332 ; 2 *Nash, Pl. and Pr., sec.* 1109 ; 9 *Johnson*, 96. And being voidable only, will, in this case, be consid- ered amended. 1 *Irdell*, 34 ; 5 *Paige*, 541 ; *Gwynne on Sheriff's*, 440 ; 2 *Denio*, 185 ; 9 *Mass.* 217. The sale was made within the life of the writ. There was no necessity

for execution. *Freeman on Ex.*, sec. 10. The court will presume that sale was made by the sheriff, as commissioner, and that he was appointed as' such by the court, and so acted. The court is the. vendor; whoever sells the mere agent. *Sessions* v. *Peay*, 23 *Ark.*, 39.

2.   The sale by the deputy was valid. 12 *Ark.*, 218. He was an officer *de facto. Gwynne on Sheriff's*, 42; 25 *Ark.*, 336, Deputy sheriff's may sell land under decree in Chancery. *Gwynne on Sheriff's*, 493; *Craig* v. *Fox*, 16 *Ohio*, 563.

3.   Neither irregularity in advertising notice of property levied upon, paucity of bidders, nor inadequacy of price, will, *per se*, affect a purchaser, unless he is privy to it. *Kibby* v. *Hoggin*, 3 *J. J. Marshall*, 213. Laws which prescribe order of sale, time and place advertised, etc., are merely directory. 6 *J. J. Marshall*, 237. Upon return of execution is proper time to settle these questions. *Roads* v. *Simmons*, 16 *Ohio R.*, 315. Purchasers at sheriff's sales depend upon judgment, levy and deed, and other questions are between parties to judgment and sheriff. *Gwynne on Sheriff's* 336, and authorities. *Bona fide* purchasers not affected. 12 *Ark.*, 218; *Id.* 421; 22 *Id.*, 19, *and authorities*; 15 *Id.*, 209. If sheriff fail to advertise, he is responsible to debtor, and sale valid. *Hoyden* v. *Dunlapp*, 3 *Bibb*, 216; *Webber* v. *Cox*, 6 *Mon.*, 110.

4.   Plaintiff consented to sale in a body, and if not it was a mere irregularity, 23 *Ark.*, 69; 21 *Id.*, 331; 8 *Id.*, 5-10.

5.   No levy necessary under decretal orders in Chancery. *Gwynne on Sheriff's*, 493; doubtful, if necessary at law. *Freeman on Ex.*, sec. 280-1.

6.   Sheriff's return conclusive and cannot be collaterally contradicted.   4 *Ohio R.*, 136; 14 *Ark.*, 9; 7 *Id.*, 390; 29

Youngblood v. Cunningham et al.

*La. Ann.*, 698 ; 22 *J. J. Marsh*, 400 ; *Gwynne on Sheriff's*, 473.

7. Purchase money not tendered. 14 *Ark.*, 38 ; 20 *Ark.*, 652 ; 23 *Id.*, 69 ; 6 *Id.*, 425 ; 7 *Monroe*, 615 ; 7 *Dana*, 397 ; 5 *Id.*, 756 ; 28 *La. Ann.*, 126.

8. Appellant estopped. 10 *Ark.*, 211 ; 18 *Id.*, 143-165 ; 14 *Id.*, 505 ; *Bigelow on Estoppel*, 515 ; 3 *Wash. on R. Prop.*, 84 ; 1 *Greenleaf*, sec. 207, *p*. 271 ; 5 *J. J. Marsh*, 569.

9. No fraud proven, and none presumed. 9 *Ark.*, 482 ; 17 *Id.*, 151 ; 18 *Id.*, 124 ; 22 *Id.*, 19.

ENGLISH, C. J. On the seventh of November, 1872, Murdock & Kimball obtained a decree on the chancery side of the Circuit Court of Yell county, against James H. Youngblood, foreclosing a mortgage executed by him to them, upon lands, and directing a special execution to be issued to the sheriff for the sale of the lands, to satisfy the decree. An execution was issued as directed by the decree ; the lands were sold and purchased by Henry C. Cunningham and Robert Smiley, who took possession of the lands, and made valuable improvements upon them. The sale was made on the twenty-eighth of May, 1874, and on the twenty-sixth of May, 1877, Youngblood brought this suit on the chancery side of the Circuit Court of Yell county, for the Dardanelle district, against Cunningham and Smiley, the purchasers of the lands, to set aside the sale for alleged irregularities, etc. The case was finally heard on the pleadings and evidence, and the bill was dismissed for want of equity, and Youngblood appealed to this court.

I. The first point made by the bill is, that the special execution under which the lands were sold, was made returnable one hundred and fifty days, instead of sixty 1. SALE: On execution running over sixty days.

days, from its date, and that it was, therefore, void, and the sale invalid.

The decree directed the lands to be sold on a credit of three months, and it was further decreed, that if the money found to be due the complainants in the foreclosure suit and costs should not be paid within ninety days from the date of the decree, a special writ of *fieri facias* should be issued to the sheriff of Yell county, commanding him to sell the lands, etc.

The decree was for the debt secured by the mortgage, interest and taxes paid by complainants on the mortgaged premises, and for costs.

On the tenth of April, 1874, the clerk of the court issued a special execution, directed to the sheriff, reciting the decree, and commanding him, that of the lands described in the decree, he cause to be made the debt, etc., etc., decreed to complainants, "and that he have the same in one hundred and fifty days to render to said plaintiffs."

The sheriff's return upon the execution, which bears date seventeenth September, 1874, shows that the lands were sold on the twenty-eighth of May, 1874.

The Statute provides, that "all executions shall be returnable in sixty days from their date." If this Statute is applicable to the special execution in question, the sale was made within the period of its legal life, that is, within sixty days from its date, and the sale made under it was not void. The execution was not void, but voidable, and might have been quashed, or amended, in the discretion of the court from which it issued, on application of the appellant against whose property it issued, or the complainants in the decree.

In *Adams et al.* v. *Cummins, ad.* 10 *Ark.*, 541, an execution was improperly issued upon a judgment *de bonis testatoris*; a sale was made of property of the estate, and the

Youngblood v. Cunningham et al.

administrator made application to the court out of which it issued, after the sale, to quash the execution and set aside the sale, and the court held that the execution was not void, but voidable, and might have been quashed on application before the sale, but that the purchaser having no notice of the irregularity in the issuance of the execution, the sale should not be set aside.

So it was held in *Dixon* v. *Watkins, et al.*, 9 *Ark.*, 139, that a *fi. fa.*, issued upon a judgment of the Circuit Court, after appeal and recognizance to stay execution, was not void, but voidable.

In *Whiting & Stark* v. *Beebe et al.*, 12 *Ark.*, 422, it was held that a *ven. ex.* with a *fi. fa.* clause was not void, and that a sale made to an innocent purchaser under the *fi. fa.* clause, whilst the first levy was undisposed of, was not invalid.

In *Wilson* v. *Huston*, 4 *Bibb*, 332, when an execution was not made returnable within the time required by law, it was held not to be void but voidable.

In this case it not only appears that appellees had no knowledge that the execution was made returnable out of time, but as will be noticed further on, that they purchased the land at the sale at the request of appellant.

The general rule is that a sale to a *bona fide* purchaser, under a voidable execution, is valid; that application should be made to the court out of which it issues, to quash or recall it before the sale. The cases cited above establish this rule.

2. ——: On voidable execution to bona fide purchaser, valid,

II. The next point made by the bill is, that the lands were not legally advertised for sale. The sheriff's return states that he duly advertised the lands for sale "in the Laborer, a newspaper printed in Yell county, and the official paper of said county," etc. The bill alleges that the Laborer was not the official paper of the county. Appel-

3. ——: Failure to advertise property.

lees answered that they had no knowledge of any defects or irregularities in the advertisement. That they believed the Laborer to be the official newspaper at the time, and had no knowledge or information to the contrary.

It appeared from a certified transcript, made by the Secretary of State, of a memorandum in the Executive Register, read in evidence by appellant, that on the twenty-fifth of July, 1873, the Governor issued a proclamation designating the Danville Argus, published at Danville, as the official paper for Yell county.

It was proved by appellees that the Argus had suspended before the lands in question were advertised for sale, and that the Laborer was the only newspaper published in Yell county at the time the advertisement was made (April and May, 1874); that the delinquent tax lists and other legal notices were published in the Laborer, and it was generally understood and believed to be the official paper of the county; that the lands were advertised in it for sale for the usual number of times, and also by posting notices in public places.

A Statute then in force ( *Gantt's Dig.*, sec. 4031-7), but since repealed (*Acts of* 1874-5, *p.* 154), required legal notices to be published in newspapers designated by proclamation of the Governor; and section 4031 of the Statute provides, that "any publication made contrary to the provisions of this Act, in judicial circuits or counties where, or for which, newspapers are so designated, shall be void, and of no effect."

The Argus, having suspended, and no other paper being shown to have been designated by the Governor as the official paper, and the Laborer being, at the time, the only paper published in the county, and generally used as the medium of legal notices, we are not inclined to hold the advertisement in question void, under the Statute.

But, be this as it may, the failure of a sheriff to advertise lands for sale under execution, in the mode directed by Statute, will not invalidate the title of a *bona fide* purchaser. *Byers* v. *Fowler*, 12 *Ark.*, 218 ; *Newton* v. *State Bank*, 14 *Ib.*, 9 ; *S. C.*, 22 *Ib.*, 19 ; *Ringgold* v. *Patterson*, 15 *Ib.*, 209.

III. A further objection, made by the bill to the validity of the sale is, that the lands were sold in a body, and not by separate tracts, etc.

4 ——: Selling land in a body.

The lands embraced in the mortgage, and condemned to be sold, by the decree, were one eighty, and two forty-acre tracts, making one hundred and sixty acres, being in the same section, the tracts adjacent, and constituting one farm.

The Statute provides that, in sales of real estate under execution, when the tract or tracts to be sold contain more than forty acres, the same shall be divided as the owner or owners may direct, into lots containing not more than forty nor less than twenty acres, etc. *Gantt's Dig.*, sec. 2681,

It was proved that appellant was present at the sale, and not only gave no direction to the officer making the sale to divide and sell the lands in lots, but consented to have them sold in a body, thinking they would sell better, and for a larger price, if so sold, than if put up for sale in separate tracts.

Having so consented, he could not be heard afterwards to complain of the sale of the lands in a body, nor to object to the title of the purchasers on that ground. *Ringgold* v. *Patterson*, 15 *Ark.*, 216 ; *Miller* v. *Fraley, et al.*, 21 *Ark.*, 39 ; *Field, Brown, et al.*, v. *Dortch*, 34 *Ark.*, 399.

IV. The next point made by the bill, is that the sale was not made by the sheriff, but by an acting deputy, not legally appointed.

5. Offic-ER *de facto* Deputy sheriff, etc.

It appears that, at the time the execution was issued, Joseph A. Wilson was sheriff of Yell county ; the writ was placed in his hands, and he advertised the lands for sale, and made the return upon the execution.   The sale was made at his request, and in his absence, by James McCarroll, his deputy.

It was proved that Wilson made a written appointment of McCarroll as his deputy, on the first of January, 1873 ; and he served as such for eighteen months, including the time of the sale in question.   He was also jailer.   He took the oath of office before the county clerk, and was generally known throughout the county as deputy sheriff, and recognized as such by the clerks, and by the courts.   There was no record evidence of the approval of his appointment by the Circuit Court, or the Judge thereof in vacation, or the board of supervisors, as provided by Statute.  *Gantt's Dig., secs.* 5597-5000.   Appellees had no knowledge that his appointment had not been so approved ; he was acting as deputy, and they believed him to be such.

The deputy sheriff, on the facts shown, was certainly an officer *de facto*.

6. ESTOP-PAL:
Execution debtor inducing one to buy his land at irregular sale.

V.   Moreover, appellant procured and induced appellees to attend the sale and purchase the lands, and he was, therefore, estopped from setting up irregularities in the process, advertisement, or sale, to defeat their title.   They purchased them on his importunity, agreeing, verbally, that he might redeem them within twelve months.   He made no offers to redeem them within that time, but, after a lapse of about three years, and after appellees had made improvements upon the lands of about the value of eleven hundred dollars, appellant brought this bill to set aside the sale, for alleged irregularities in the special execution, advertisement, and sale, making no offer to refund to appellees the $925 which they bid and paid for the lands.

The bill makes sweeping allegations of fraud on the part of appellees, and of combination between them and the sheriff, to cheat and wrong appellant in the sale of the lands; all of which allegations were denied in the answer, and not sustained by the evidence.

VI. It is further objected in the bill, that the sheriff executed and acknowleged a deed to appellees after his term of office had expired. But if the deed so executed be invalid, it does not invalidate the sale and purchase of the lands by appellees. They may apply to the court out of which the special execution issued, to confirm the sale, if it has not been done, and order the sheriff in office to make a deed.

