Huffman v. Gaines.

---

## HUFFMAN v. GAINES.

1.  EXECUTION SALES:   *Errors and irregularities.*
    A mistake in the notice of a sale under execution, or even a failure to give notice, or errors or irregularities in the proceedings which do not render the writ a nullity, will not invalidate a sale to an innocent purchaser.

2.  SAME:   *Same;   Purchase by attorney.*
    An attorney of the plaintiff who purchases property sold under the plaintiff's execution, is charged with notice of the vices and infirmities of the judgment and

process, and stands in no better attitude than a stranger who buys with actual knowledge of the same facts.

3. SAME: *Same; May be waived by debtor.*

A debtor may waive an improper notice of the sale of his property under execution, and does waive it when he suffers the execution to be satisfied, and accepts the surplus of the proceeds of the sale and retains them, after notice of the irregularity.

APPEAL from *Garland* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*John M. Harrell* for Appellant.

The court finds that the alleged sale under the judgment, for cash, was rendered valid by the acceptance by appellant of part of the proceeds. *Mansf. Dig., sec. 3056; Ib., sec. 5171.* All sales by order of court must be on credit. *27 Ark., 292.* The court erred in directing the sale to be made for cash in hand. The sale should have been on a credit of not less than three months, nor more than six. *31 Ark., 236.*

*R. G. Davies* for Appellee.

The sale was made on a credit, but the purchaser elected to pay cash. Appellant waived his right to object, by receiving and retaining the purchase money.

COCKRILL, C. J. Huffman has appealed from a judgment in ejectment against him in favor of Mrs. Gaines, awarding her the possession and rents of a lot in the city of Hot Springs. Mrs. Gaines claimed to have acquired Huffman's title to the property, by conveyance from two sources, viz.: First, by a sheriff's execution deed, and, second, by a deed executed to her by a trustee, in pursuance of a purchase made by her at a public sale, had under a mortgage with power to sell on default

of payment, executed by Huffman on the premises in question. No objection is made here against the trustee's deed, except upon facts which the court below, in the absence of a jury, upon competent evidence, specially found against the appellant on the trial, when the deed was sustained. But if the appellant could successfully attack this deed, what would it avail him while the sheriff's deed stands? For if either conveyance is good it is sufficient to sustain the judgment of recovery. The judgment against Huffman, upon which the execution issued, was a valid subsisting judgment of the circuit court of the county where the land lay, and the validity of the execution, and the levy under it, have not been questioned. The validity of the advertisement of sale by the sheriff is alone attacked. The premises were advertised to be sold for cash, but were, in fact, sold as the statute directs, upon a credit. R. G. Davies, the attorney for the plaintiff in execution, became the purchaser. He paid the amount of his bid at once to the sheriff, who satisfied the execution out of the proceeds, and several weeks thereafter tendered the residue to Huffman. He accepted the amount and executed the following receipt:

" Received of J. H. Nichols, sheriff, the sum of $417.40, being balance of money received from sheriff's sale of lot No. 8, block 85, due me; said sale being made to satisfy an execution dated May 28, 1883, in case of W. H. Gaines v. J. M. Huffman, execution No. 218, said sale being made on the 30th of June, 1883, and said property sold to R. G. Davies, as per return filed herewith. Hot Springs, July 28, 1883.

J. M. HUFFMAN."

The premises described are the same here sued for, and all the data as to the sale are correctly recited in the receipt. Huffman does not claim to have been misled or deceived in any manner, and has never offered to return the money received by him on the purchase.

Huffman v. Gaines.

The certificate of purchase which the sheriff executed to Davies was assigned to the plaintiff in this action, after Huffman accepted the purchase money. When the period of redemption expired, the deed relied upon was executed and delivered to her.

It is the established rule of this court, that the statute requiring notice of execution sales to be given, is directory merely, and that a mistake in, or even a failure to give notice, will not invalidate a sale to an innocent purchaser. *Files v. Harbison, 29 Ark., 307, and cases cited.* The rule operates also to protect the title of the purchaser against errors or irregularities in the proceedings, which do not render the writ a nullity. Where the attorney for the plaintiff in execution becomes the purchaser, however, he is charged with notice of the vices and infirmities in the judgment and process, and he is held to stand in no better attitude than a stranger who buys with actual knowledge of the same facts. As to whether the same presumption of knowledge of infirmities that arise from a defective execution of the power conferred by the writ, after it goes into the hands of the sheriff, is indulged against the attorney, (as to which, see *Byers v. McDonald, 12 Ark., 218, 273,*) or whether the defendant could avail himself of the defect in the notice in this collateral proceeding, even if the purchaser were shown to have had actual notice of it, are questions not material to the issue here presented. Whatever may have been the effect of the improper notice of sale given by the sheriff, the debtor had the right to waive it. *Turner v. Watkins, 31 Ark., 429.* Is there room to contend that his acts do not clearly indicate an intention to do so? He had actual knowledge that the sale was to take place before it was made. So far from making an effort to prevent it, he permitted the purchaser to pay his money, allowed the sheriff to satisfy the execution debt out of it, and with full knowledge of all the facts now known, as the judge trying the case specially found, he accepted the surplus of the purchase money, and has never

1. EXECUTION SALES: Errors and irregularities.

2. Purchase by attorney. Notice.

3. Irregularities may be waived.

intimated a willingness to disgorge. The bill of exceptions does not contain the positive evidence that Huffman knew that the notice of sale was defective at the time the purchase money was paid to him, nor is there any evidence that he was ignorant of the fact. But, be that as it may, it is certain that after he knew the fact he continued to hold the money, without any manifestation of an intention to disaffirm the sale or make the purchaser whole. If the right existed to disaffirm the sale, this was an election to ratify it, and he must now abide by his election. The purchaser cannot be made the sport of a trick which would enable the debtor to hold the land, or the money, or both, at his will. It has been held that even where the sale is void (not voidable merely), receiving the purchase money by the debtor would make it valid. As to the several points ruled, see *Adlam v. Yard, 1 Rawle, 174; Furness v. Ewing, 2 Pa. St., 479; Maple v. Kussart, 53 Ib., 348; Sherman v. McKeon, 38 N. Y., 266; Southard v. Perry, 21 Iowa, 488; Freeman on Ex., secs. 340, 286; Allen v. McGaughey, 31 Ark., 260; Hare v. Hall, 41 Ib., 372.*

Let the judgment be affirmed.