Woods v. Hayes.

Opinion delivered January 20, 1908.

1. EXECUTION—NOTICE OF SALE.—As the object of giving notice of sales under execution is to inform the debtor that his property is about to be sold, and to inform the public so that there may be competitive bidding, a description of the property is sufficient which identifies it with reasonable certainty so that no one may be misled thereby. (Page 166.)

2. SAME—SUFFICIENCY OF NOTICE.—Where the notice of an execution sale describes the land to be sold as being in range 14 west, instead of range 15 west, but the land is otherwise identified as being in a certain county and as being known as a certain mining claim, and it appears that no one was misled by the defective description, the sale will not be set aside. (Page 167.)

3. SAME—ESTOPPEL.—Where the debtor was present at an execution sale, and made no objection thereto, but expressed himself as satisfied with the sale, and informed the purchaser that he expected to redeem the property from such sale, he will be held to have waived any defect in the notice of the sale, whether he knew of such defect or not. (Page 167.)

4. SAME—ESTOPPEL.—One who induces another to purchase land at execution sale will thereafter be estopped to dispute the latter's title so obtained. (Page 168.)

Appeal from Marion Chancery Court; *T. H. Humphreys*, Chancellor; reversed in part.

*Woods Bros.* and *Bradshaw, Rhoton & Helm*, for appellants.

1. The execution was a valid and binding lien on Hayes's interest in the land from the time it went into the hands of the sheriff. Kirby's Digest § 3227. The statutes provide the time and place of sale of land under execution, and that the sale must be advertised by posting notices, etc., but they do not designate what the notice shall contain, nor that they shall contain an accurate description of the property. It follows, therefore, that a general description of the property is sufficient, provided it is sufficiently definite as to the property to be sold not to deter or mislead anyone. Tiedeman on Sales, § 260; 12 Am & Eng. Enc. Law (1 Ed.), 210; Freeman on Ex. § § 285a, 285b; Murfree on Sheriffs, § § 676; 1007a, 1009a; 108 Ind. 347; 101 N. C. 388; 31 L. R. A. 335; 29 Ark. 307; 47 Ark. 226; 38 Ark. 571; 22 Ark. 19; 12 Ark. 218.

2. There is no claim that the sale was unfair, for an inadequate price, or that Hayes, who was present at the sale, or the interveners were injured by the lands being described as in range 14, instead of range 15. These are matters that must be alleged and proved before the courts would act to set aside the sale. Beach on Mod. Eq. Jur. § 49; 93 U. S. 55; 12 Ark. 218; 22 Ark. 19; 29 Ark. 307; Freeman on Ex. § 286. No fraud is alleged or proved. If there had been any injury, the sale could not be attacked in a collateral proceeding. 12 Ark. 218; 6 Ark. 425; 10 Ark. 541; 38 Ark. 571.

3. Notice of sale being for the benefit of the defendant, he may waive it, and unnecessary delay is of itself a waiver. Here the interveners waited seven years. Freeman on Ex. (3 Ed.), § 286; 36 Ill. 114; 4 Scam. (Ill.), 364. Hayes had, by motion to vacate the sale, a complete remedy at law; hence the interveners have no standing in chancery. 27 Ark. 77; *Id.* 157; 48 Ark. 544. He ratified the sale, and interveners are bound thereby. 47 Ark. 226; 31 Ark. 429; 87 Ky. 343; 15 Ark. 209.

4. The statutes requiring notice of sale are directory merely, and failure to give such notice will not avoid the sale against an innocent purchaser. 47 Ark. 226; 28 Ark. 372; 12 Tex. Civ. App. 694.

5. A judgment plaintiff and his attorney are chargeable with notice of any defect in the judgment and execution, but not with defects in the notice. 12 Ark. 218; 27 Ga. 167; 9 Cal. 93; 45 N. Y. 368.

5. There is no writing on which to base an express trust, nothing in the record to establish a resulting trust or a constructive trust. 27 Am. & Eng. Enc. Law, 6; Beach on Mod. Eq. Jur. § 149; *Id.* § § 226, 227, 228; 67 Ark. 526; 10 Am. & Eng. Enc. Law, 5; *Id.* 60-63; 29 Ark. 612; 9 Ark. 518; 30 Ark. 230; 26 Ark. 240; 73 Ark. 310.

On the cross-appeal:

1. Buie, having induced appellant to purchase, is estopped. 24 Ark. 371; 33 Ark. 465; 48 Ark. 409.

It requires clear, positive and convincing proof to set aside a deed that has been duly executed. The deed to Buie and Woods was written by Buie himself, and had been of record for

more than five years. Devlin on Deeds (2 Ed.), § 836; 19 Ark. 278; 21 Ark. 440.

2. The testimony of Buie and Ward that Hayes disclaimed any interest in the 1897 location is contradicted not only by other witnesses and all the facts and circumstances connected with the matter, but also by their own testimony in the Buie-Hayes suit. A party is not permitted to take inconsistent positions, to the detriment of others. 33 Ark. 465; 64 Ark. 213; 64 Ark. 627.

3. Fraud is never presumed, but must be expressly found. The chancellor's finding that Woods was guilty of no fraud or concealment, but on the contrary fully informed Buie of all the issues in his suit with Hayes, and of his rights in the premises, is fully sustained by the evidence. 11 Ark. 378; 43 Ark. 492; 20 Ark. 216; 37 Ark. 145.

*W. S. Chastain, Pace & Pace* and *Seawel, Jones & Seawel,* for cross appellant.

Buie is entitled to a three-fourths interest in the land by virtue of the decree in the partnership litigation, the confidential relation that existed between himself and appellant, and by estoppel. Ward testified that Hayes disclaimed any interest under the 1897 location, and the answer and account exhibited, as also the master's report, corroborate this statement. A judgment is conclusive of all matters that were, or could have been, determined in the case. 41 Ark. 75; 44 Ark. 165; 52 Ark. 411. Interveners are estopped to avail themselves of inconsistent positions with reference to their interest in the land. 64 Ark. 213; 80 Ark. 543; Bigelow on Estoppel (5 Ed.), 717. Woods, having acted as attorney for Buie in the Kellogg litigation and in that between Buie and Hayes, will not only be held to give his client the benefit of his best judgment, advice and exertion, even as against his own interest, but he will not be permitted to buy in the property in course of litigation, for his own benefit. 73 Ark. 580, 582; 30 Ark. 44, 49.

*J. W. Black* and *Sam Williams,* for appellees, Hayes *et al.*

1. The land in question was not sold at the execution sale. Both the notice and the certificate of purchase describe it as the Cane Spring Mining claim, when in fact it is the Bluff

;Spring Mining claim, and as being situated in range 14 west, whereas it is situated in range 15. Parol testimony will not be permitted to contradict the return of the sheriff. 14 Ark. 10; 29 Ark. 307. Woods can not claim as an innocent purchaser, since he was attorney for the plaintiff in execution.

2. The land in question not having been sold under the execution, the heirs of Hayes had an inchoate equitable title therein by virtue of the 1907 location, and, since by reason of his wrongful and illegal possession he was enabled to acquire from the Government the legal title to that with other land, Woods will be held to be a constructive trustee. Black's Law. Dict. 1192; 2 Pomery, Eq. § 1053; 50 Ark. 354.

McCulloch, J. This suit involves a controversy between the plaintiff, H. T. Buie, and the defendants, S. W. Woods and wife, and the interveners, who are the heirs at law of E. L. Hayes, deceased, over the title to an undivided three-eighths interest in a tract of land in Marion County which had been located and patented as a mining claim, each of said parties claiming title to said interest. Buie and Woods own the other undivided interest in the tract, as well as another tract with which it had been consolidated and patented as a mining claim.

Woods claims title to the interest in controversy by purchase under an execution sale against E. L. Hayes, who has since died, and the interveners, his heirs, contest the validity of the execution sale on the ground that the land was not properly described in the sheriff's notice of sale. The correct description of the land is south half of the southwest quarter of section 13 in township 18 north, 15 west. It was described in the notice as "3-8 interest in the Cane Spring Mining Claim. situated on the S. ½ of the S. W. ¼ of section 13 Tp. 18 north of range 14 west in Marion County, Arkansas." The notice was, in other respects, given in compliance with the statute regulating sales of land under execution, the sale was in all other respects regularly conducted, and the sheriff's deed executed pursuant to the sale properly describes the land. Woods is an attorney at law, and was attorney for the judgment creditor under whose execution the land was sold.

The object of giving notice of sales under execution is to inform the debtor that his property is about to be sold and also

to inform the public so that attendance of purchasers may be attracted and competitive bidding be induced. It necessarily follows from this that the desired object is accomplished if the description of the property be sufficient in the notice to identify it with reasonable certainty, so that no one may be misled thereby. Tiedeman on Sales, § 260; 2 Freeman on Execution, § 285b.

It will be noted that the only defect in the description was in giving it in range 14 west, instead of 15 west. Range 14 west is in Baxter County, and describing the land to be in range 14 west in Marion County was a patent misdescription. The land was also described in the notice as "3-8 interest in the Cane Spring Mining Claim," and there was evidence tending to show that the property in question was commonly known by that name. There is a conflict in the evidence on that point, some of the witnesses testifying that the property was at that time known as the Bluff Spring Mining Claim; but we think that the preponderance of the evidence shows that it was known by the name under which it was sold. The description was, we think, sufficient to identify the property. Certain it is from the evidence that no one was misled by the defect in the description. E. L. Hayes, the execution debtor, was present at the sale, and made no objection thereto. On the contrary, he expressed himself as satisfied with the sale, and informed the purchaser that he expected to redeem the property from the sale before the time allowed by law expired.

This court has repeatedly held that "the statute requiring notice of execution sales to be given is directory merely, and that a mistake in, or even a failure to give, notice will not invalidate a sale to an innocent purchaser." *Files* v. *Harbison,* 29 Ark. 307; *Youngblood* v. *Cunningham,* 38 Ark. 571; *Huffman* v. *Gaines,* 47 Ark. 226. This is the generally established rule in other States. 2 Freeman on Executions, § 286, and cases there cited.

This court also held that a debtor may waive the imperfections of the notice. *Huffman* v. *Gaines, supra.*

An attorney for a judgment creditor who buys at his client's sale under execution is not an innocent purchaser, but

the debtor may be guilty of such conduct as will amount to an estoppel. *Huffman* v. *Gaines, supra.*

In this instance the debtor was present at the sale, and expressed his satisfaction and acquiescence in the sale. It does not appear that either he or the purchaser knew that the property was imperfectly described in the notice, but he knew that his property was being sold under a valid judgment against himself, and that the attorney for the judgment creditor was purchasing the property for a valuable consideration. We think that was sufficient to amount to a waiver of a merely directory provision for his benefit.

The chancellor erred in holding that the execution sale to Woods was invalid.

The point of controversy between Buie and Woods is this: Buie claims that Hayes abandoned his interest in the property by asserting, in a suit formerly pending between him and Buie to settle their partnership affairs, a claim for reimbursement for the value or price of his interest in the Cane Spring Mining Claim; that Woods was his attorney in the litigation with Hayes, and knew of Hayes's abandonment of the claim, but fraudulently failed to disclose the information and purchased the Hayes interest under execution. The evidence does not sustain the charge of fraud or concealment. The chancellor so found, and we think his finding is sustained by the preponderance of the evidence.

There is also evidence sufficient to warrant the finding that Buie represented to Woods that Hayes owned an undivided three-eighths in the property and induced him to purchase it at the execution sale. Afterwards Buie and Woods entered into an agreement with J. H. Hand, who owned an interest in the property and also another tract, to consolidate the two tracts under a new location. This was done, and a patent was obtained on the new location. This being true, Buie is now estopped to deny that Woods obtained title to the Hayes interest.

The decree of the chancellor settling the controversy between Buie and Woods in favor of the latter is therefore correct and should be affirmed. The complaint of the interveners should be dismissed for want of equity.

Reversed and remanded with direction to enter a decree in accordance with this opinion.