WADE *v.* DENISTON.

Opinion delivered November 11, 1929.

*Saxon, Wade & Warren* and *R. K. Mason,* for appellant.

*Arthur D. Chavis,* for appellee.

SMITH, J.  Drucilla Newton successfully prosecuted a suit to cancel a deed which she had executed to Robert Deniston.  The deed canceled conveyed an interest in oil royalties, and, as an incident to this relief, judgment was rendered against Deniston for $686.98, covering the amount of royalties collected prior to the cancellation of the deed.  *Deniston* v. *Newton,* 175 Ark. 1169, 300 S. W. 929.

An execution issued upon this judgment, directed to the sheriff of Ouachita County, but a return *nulla bona* was made.  Later a second execution was also directed to the sheriff of Ouachita County, which was levied upon a one sixty-fourth interest owned by Deniston in the royalty derived from a two-acre oil lease, and at the sale under this execution Mrs. M. L. Wade became the purchaser of the interest sold for $50.  The costs incident to the sale, amounting to $26.50, were first deducted, and the balance of $23.50 was paid to the plaintiff by the husband of the purchaser, who was the plaintiff's attorney, and the amount thereof was credited on the judgment.  The property sold under this execution was in Ouachita County, and Deniston resided in Jefferson County, and had no notice of the sale until after it had been made.

A third execution issued, which was directed to the sheriff of Jefferson County, and a stay bond was given in satisfaction of it, and, when this bond was not paid at its maturity, a fourth execution issued, which was directed against the sureties on the stay bond, and this execution was satisfied by paying the amount of the third execution, and all costs and interest.

Upon selling the royalty interest in the two-acre lease the sheriff executed, on the date of the sale, a certificate of purchase, but, having concluded that a deed was necessary to convey the interest sold, he declined to acknowledge the instrument until the year allowed by law for redemption from execution sales of real estate

had expired, and, a year and two days later, he acknowledged the instrument as a deed, after changing the date thereof.

Deniston brought this suit to cancel the execution deed, and to recover royalties from certain oil companies. The court found the fact to be that Deniston's interest in the two-acre lease was worth as much as $500, and we think this finding is not contrary to the preponderance of the evidence, as Deniston's interest in the royalties amounted to about $20 per month. The court also found that there were "other circumstances" which rendered it inequitable for the sheriff's sale to stand, and the execution deed was canceled. The court ordered Mrs. Wade to pay "all costs accruing in and about the issuing of the execution and the sale of the royalty under the same," but adjudged all other costs against Deniston, who does not complain of the assessment of these costs against him, as the relief which he prayed against other defendants (but which need not be here recited) was denied.

As we have said, the interest of Deniston in the two-acre lease sold for a grossly inadequate consideration, and there was, as the court found, "other circumstances" which made it inequitable for the sale to stand. The statute contemplates that the judgment debtor shall have notice of the levy upon his property, and he is given the right to select the property upon which the levy shall be made, "and, if he give to the officer a list of the property so selected, sufficient to satisfy such execution, the officer shall levy upon such property, and no other, if it be sufficient, in his opinion, to satisfy such execution, and, if not, then upon such additional property as shall be sufficient." Section 4277, C. & M. Digest. This opportunity was not afforded Deniston, and the property was sold, without notice to him, to the wife of the attorney for the plaintiff.

In the case of *Huffman* v. *Gaines,* 47 Ark. 226, 1 S. W. 100, it was held (to quote a syllabus) that: "An attorney of the plaintiff, who purchases property sold under

the plaintiff's execution, is charged with notice of the vices and infirmities of the judgment and process, and stands in no better attitude than a stranger who buys with actual knowledge of the same facts." It is an application of familiar principles of equity to apply the same rule to the wife of the plaintiff's attorney. See also *Woods* v. *Hayes,* 85 Ark. 163, 107 S. W. 387; 23 C. J. 765, and 10 R. C. L. 1309, and the cases cited in the notes to those texts; vol. 3, Freeman on Executions (3 ed.), § 340, p. 1958.

Of course, as was said in the Huffman case, *supra,* the judgment debtor may waive an improper sale of his property; but we think Deniston has not done so under the facts of this case, as he has never received any benefit under its sale. It does appear, however, that the net proceeds of the sale of the two-acre tract were credited upon the original judgment, but the amount of Mrs. Wade's bid will be repaid her out of the royalties due from an oil company made a defendant in the suit, which were impounded, and held subject to the final decree in this case, and the decree of the court will be modified to this extent.

As thus modified, the decree will be affirmed, but no change will be made in the order of the court affecting costs.