Brigiette DUHON *v.* Carroll GRAVETT, Pulaski County
Sheriff; Tommie Miller, Pulaski County Deputy; Bobby
Jones, Pulaski County Municipal Court Administrator; and
Pulaski County

89-271                                                    790 S.W.2d 155

Supreme Court of Arkansas
Opinion delivered May 29, 1990

*James Depriest* and *Griffin J. Stockley*, Central Arkansas
Legal Services,for appellant.

No brief filed.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y
Gen., for intervenor State of Arkansas.

TOM GLAZE, Justice. Appellant challenges Arkansas's
postjudgment execution laws set out in Ark. Code Ann. §§ 16-66-
101 to -422 (1987 and Supp. 1989). She argues the laws violate

the due process clause of the 14th Amendment to the United States Constitution because they fail to provide the required notice and hearing to judgment debtors. The trial court rejected the appellant's arguments below, and she brought this appeal.

The facts are undisputed. Appellant took her car to the Firestone Tire and Rubber Company for repairs and a dispute resulted over the work performed. Appellant stopped payment on her check, and Firestone filed suit against her, alleging nonpayment. Firestone obtained a default judgment and subsequently had the sheriff's office serve a writ of execution on the appellant at her residence, where a deputy sheriff seized her personal property, including mostly household goods and furniture. The deputy told appellant that she had a right to redeem her property prior to its sale. Sometime after appellant's property was seized but before it was sold, she obtained counsel and brought suit for declaratory relief against Firestone and the appellees, who were the officials involved in the issuance and service of the writ of execution on appellant. In the suit, she asked the trial court to declare Arkansas's postjudgment execution laws to be unconstitutional. Ultimately, appellant paid Firestone's judgment in full and regained her property. She then dismissed Firestone from the suit, but pursued her constitutional claims in her action against the appellees. She also amended her complaint alleging she was entitled to further relief under 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988 (1981).

Although appellees prevailed against the appellant's claims below, they chose not to participate in this appeal, however, we granted the attorney general's request to intervene on appeal. While he fails to actually defend the constitutionality of writ of execution statutes in issue, he contends this court should not reach appellant's constitutional arguments because no justiciable controversy exists. The attorney general points out that the appellant redeemed her property a few days after it was seized so, even if she had been entitled to certain notices which she did not receive, she was never harmed or damaged. In sum, the state concludes the appellant is not being threatened with enforcement of the statutes she now questions, so she does not have standing to request they be declared unconstitutional.

■ Undoubtedly, appellant's redemption of her property

rendered moot the justiciable controversy between her and Firestone. Nevertheless, where considerations of public interest or the prevention of future litigation are present, the choice remains ours as to whether we may elect to settle an issue, even though moot. *Owens* v. *Taylor*, 299 Ark. 373, 772 S.W.2d 596 (1989). Future litigation may well be curtailed by our decision to resolve the issues presented in this appeal even though the controversy between the parties is moot, but the main reason we are compelled to go forward is based on the fact that a substantial question exists underlying the constitutionality of Arkansas' writ of execution laws that will affect countless numbers of Arkansans each year. We note that debtors, in prior actions, have successfully raised similar constitutional questions concerning flaws in Arkansas' postjudgment garnishment statutes and its prejudgment attachment laws. *See Davis* v. *Paschall*, 640 F. Supp. 198 (E. D. Ark. 1986); *McCrory* v. *Johnson*, 296 Ark. 231, 755 S.W.2d 566 (1988).

The primary argument raised in this matter concerns appellant's charge that Arkansas' writ of execution laws fail to give judgment debtors, such as herself, written notice that they have a right to claim certain federal and state exemptions. Recently, we held Arkansas' prejudgment attachment code provisions unconstitutional because those laws failed to provide that debtors be given notice of possible state or federal exemptions. *McCrory*, 296 Ark. at 236-240, 755 S.W.2d at 568-571. In reaching our decision in *McCrory*, we relied in part upon the holdings in *Davis* v. *Paschall*, 640 F. Supp. 198, and *Dionne* v. *Bouley*, 757 F.2d 1344 (1st Cir. 1985). The *Davis* court, in considering the constitutionality of Arkansas's postjudgment garnishment statutes stated the following:

> The court [in *Dionne* v. *Bouley*], agreed with the holdings in *Mathews* v. *Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) and *Brown* v. *Liberty Corp.*, 539 F.2d 1355 (5th Cir. 1976) that *due process does not require notice or hearing before a postjudgment attachment but held that once the attachment is made, removing the possibility that the debtor will secrete his assets, the debtor must be notified and given a timely opportunity to challenge any sequestration of his property which the law makes unattachable.* The court reasoned that this was

required because an unlawful *attachment* of the debtor's exempt property *affects* the *debtor's rights in a way in which the judgment does not*, citing *Griffin* v. *Griffin*, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1945). *Dionne*, 757 F.2d at 1352. The court held that, in order for a postjudgment statute to pass constitutional muster, the *debtor must be informed* of the attachment and of the availability of a prompt procedure to challenge the attachment, together with the fact, generally stated, *that there are certain exemptions under state and federal law which the debtor may be entitled to claim with respect to the attached property. Id.* at 1354.

*Davis*, 640 F. Supp. at 202. (Emphasis added.)

In considering the above, the court in *Davis* determined our postjudgment garnishment statutes unconstitutional because, among other things, the statutes did not provide the judgment debtor with notice of the garnishment for possible state and federal exemptions, and they did not provide for a prompt hearing to allow the debtor to claim his or her exemptions.

In the present case, the writ of execution statutes provide for procedures, including provisions for hearings, whereby a judgment debtor may claim all exemptions to which he or she is entitled by law. *See, e.g.*, Ark. Code Ann. §§ 16-66-211 to -218 and 16-66-301 to -304 (1987). These procedures further provide a debtor may select what property must be sold to satisfy the execution, and as stated in *Wade* v. *Deniston*, 180 Ark. 326, 21 S.W.2d 424 (1929), the Arkansas law in this respect contemplates that the judgment debtor shall have notice of the levy upon his property. *See* Ark. Code Ann. § 16-66-401 (1987). However, while case law appears to require that notice be given debtors of such a levy, Arkansas statutory law does not provide for it. Notwithstanding this notice of levy problem, Arkansas statutes clearly fail to provide debtors be given notice that they have a right to claim possible state or federal exemptions.

Thus, Arkansas postjudgment exemption laws adequately provide for procedures and hearings by which a judgment debtor may exercise his or her rights to exemption claims or the return of levied property. However, it is the lack of a requirement of notice to the judgment debtor that makes statutory provisions

such as §§ 16-66-211 and 16-66-401 constitutionally deficient. With proper notice to the judgment debtor, that aspect of the due process mandate of the 14th amendment is satisfied.

In so holding, we add that the notice, to be constitutional, need not supply the judgment debtor with a "laundry list" of statutory or constitutional exemptions or inform him or her of all available exemptions. *Dionne*, 757 F.2d at 1354. Such notice need only inform the debtor that postjudgment execution is being levied and that state and federal exemptions may be available with respect to the property subject to the levy. *Id.; see, e.g.*, Ark. Code Ann. § 16-110-402 (1987).

Finally, in anticipation she might prevail in this appeal, appellant requests that appropriate attorney's fees be awarded her in accordance with 42 U.S.C.A. § 1988. We remand this matter to the trial court for its consideration of this request, since that court, as yet, has not properly been given the opportunity to pass on the issue of attorney's fees.

For the reasons given above, we reverse and remand.