Jim Pledger, Director Department of Finance and Administration P.O. Box 3278 Little Rock, AR 72201
Dear Mr. Pledger:
This is in response to your request for an opinion on whether a writ of execution, issued pursuant to a certificate of indebtedness issued by the Revenue Commissioner under A.C.A. §26-18-701 (Cum. Supp. 1991), requires a list or description of specific property before it may be served by a sheriff. In my opinion, the answer to this question is "no."
As you note in your opinion request, a certificate of indebtedness issued by the Revenue Commissioner against a taxpayer with an established tax liability has the same force and effect as a judgment entered by a circuit court and constitutes the State's lien on any real and personal property of the taxpayer in the county where the certificate is recorded. See
A.C.A. § 26-18-701(a)(3)(A) (Cum. Supp. 1991). After entry of the certificate, the circuit clerk shall issue a writ of execution, authorizing either the Director of the Department of Finance and Administration or the sheriff of any county to levy upon and against all real and personal property of the taxpayer. A.C.A. §26-18-701(b) and (d) (Cum. Supp. 1991). The writ of execution shall be issued, served, and executed in the same manner as writs of execution rendered by the circuit courts of this state. See
A.C.A. § 26-18-701(b)(3) and (d)(1) (Cum. Supp. 1991).
Arkansas' writ of execution statutes were amended by Act 389 of 1991, after they were held to be constitutionally deficient inDuhon v. Gravett, 302 Ark. 358, 790 S.W.2d 155 (1990), for their failure to provide notice to judgment debtors of their right to claim possible state or federal exemptions. Act 389, codified at A.C.A. § 16-66-104 (Cum. Supp. 1991), provides a general form for writs of execution, which includes a space for a description of specific property to be levied upon. However, §16-66-104(b) specifically provides that the form of the writ of execution may be varied to suit each particular case.
In my opinion, the law does not require a writ of execution issued pursuant to a certificate of indebtedness to contain a list or description of specific property to be levied upon. As already noted, the writ of execution authorizes the sheriff or the Director of the Department of Finance and Administration to levy upon and against all real and personal property of the taxpayer. See A.C.A. § 26-18-701(b)(1) (Cum. Supp. 1991). Further, as you point out in your request, the Revenue Division would rarely have knowledge of specific property possessed by a delinquent taxpayer. The schedule of property required to be filed by judgment debtors after final judgment has been entered against them by a court of record arguably would not be necessitated by the issuance of a certificate of indebtedness by the Revenue Commissioner. Thus, it could be very difficult to provide a description of specific property. Finally, concluding that a description of specific property is required would be inconsistent with the debtor's statutory right to select the property to be sold in satisfaction of the judgment. See A.C.A. § 16-66-401 (1987); Wade v. Deniston, 180 Ark. 326,21 S.W.2d 424 (1929).[1] The debtor might well choose property other than that listed on the writ of execution. Statutes will not be interpreted in a manner that results in an absurdity or injustice. See Ragland v. Allen Transformer Co.,293 Ark. 601, 740 S.W.2d 133 (1987).
In conclusion, it is my opinion that a writ of execution, issued pursuant to a certificate of indebtedness issued under the authority of A.C.A. § 26-18-701, does not have to contain a list or description of specific property to be levied upon before it can be served upon the debtor. Thus, in the absence of knowledge of specific, non-exempt property owned by the debtor, a variation of the usual form of the writ of execution would appear to be permissible.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] Although § 16-66-401 was held to be constitutionally deficient in Duhon v. Gravett, supra, because of the lack of notice to judgment debtors provided by Arkansas' writ of execution statutes, the remedy provided by Act 389 of 1991 presumably redeemed it.