The Honorable Bobby Tullis State Representative Box 277 Mineral Springs, AR 71851
Dear Representative Tullis:
This is in response to your request on the following two questions regarding the necessity of specifying property to be seized in a writ of execution under Act 389 of 1991, codified at A.C.A. § 16-66-104 (Cum. Supp. 1991):
 (1) Is the form provided in Arkansas Code Annotated 16-66-104 as amended by Act 389 of 1991 required to be used for writs of execution and, if so, when used, how specifically must the property be described which is to be seized by the sheriff?
 (2) If the form provided in Arkansas Code Annotated § 16-66-104 is not required to be used, and a different form is used by the persons seeking to execute on property of the debtor, must that form describe the property to be seized with specificity, or does the use of a different form nullify the requirement that the property be specifically described?
In response to your first question, it appears that the form provided in A.C.A. § 16-66-104 (Cum. Supp. 1991) is not required to be used for writs of execution. The provision specifically states that the form of a writ of execution "may be as follows," and sets out a sample form for use in preparing writs. See
A.C.A. § 16-66-104(a) (Cum. Supp. 1991). Further, subsection (b) of § 16-66-104 provides that the form of the writ of execution in subsection (a) may be varied to suit each particular case. In my opinion, the fact that the sample writ of execution form in subsection (a) provides for a description of specific property does not make that an essential element of the writ. It is likewise my opinion that the requirement of A.C.A. § 16-66-221
(Cum. Supp. 1991) that judgment debtors prepare and file a schedule of all their real and personal property upon the entry of a final judgment order of a court of record against them does not make a description of specific property essential to a writ of execution. Rather, these factors merely indicate that the judgment creditor has the option of describing specific property to be levied upon and facilitate the use of that option.
The general rule on this issue is that in the absence of a statute or agreement to the contrary, a general writ of execution should not specify any particular property to be levied upon.See 33 C.J.S. Executions § 77 (1942); 30 Am. Jur. 2dExecutions §§ 71, 90-92 (1967). As noted previously, A.C.A. §16-66-104 (Cum. Supp. 1991) does not, in my opinion, require a writ of execution to contain a description of specific property. Thus, a general writ of execution in Arkansas need not contain a description of specific property to be valid. See Atty. Gen. Op. No. 91-279, wherein I reached the same conclusion with respect to writs of execution issued pursuant to certificates of indebtedness issued by the Revenue Commissioner under A.C.A. §26-18-701 (Cum. Supp. 1991). This conclusion would appear to be consistent with the debtor's statutory right to select the property to be sold in satisfaction of the judgment against him.See A.C.A. § 16-66-401 (1987); Wade v. Deniston,180 Ark. 326, 21 S.W.2d 424 (1929).[1]
I believe my response to your first question generally addresses your second question as well. My opinion that a description of specific property is not required by A.C.A. § 16-66-104 would hold true regardless of the form of the writ of execution used in a particular case. While the form set out in § 16-66-104(a) might ordinarily be used only when a judgment creditor wishes to levy upon specific property, it is my opinion that a judgment creditor might reasonably choose to use the form and specify only the debtor's real or personal property generally, as opposed to using a different form altogether.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch
[1] Although § 16-66-401 was held to be constitutionally deficient in Duhon v. Gravett, 302 Ark. 358, 790 S.W.2d 155
(1990), because of the lack of notice to judgment debtors provided by Arkansas' writ of execution statutes, the remedy provided by Act 389 of 1991 presumably redeemed it.