The Honorable Gus Wingfield Auditor of State 230 State Capitol Little Rock, AR 72201
Dear Mr. Wingfield:
You have requested an Attorney General's opinion concerning House Bill 1419 of the current legislative session. The pertinent part of that Bill states:
SECTION 1. Arkansas Code 18-28-208(a) is amended to read as follows:
 "(a) All intangible personal property held for the owner by any court, public corporation, public authority, or public officer of this state, or a political subdivision thereof, that has remained unclaimed by the owner for more than seven (7) years is presumed abandoned. Unclaimed property whether tangible[1] or intangible held by local courts, law enforcement officers, or elected public officials of a political subdivision of this state shall be deposited or sold and the proceeds deposited by the holder in the county general fund wherein the holder is located to be used by the holder of such property."
House Bill 1419, 82nd General Assembly, Regular Session, 1999. (Underlining indicates language that has been added to existing law.)
You have asked:
 Would the above-quoted proposed amendment to A.C.A. § 18-28-208(a) render that statute unconstitutional?
It is my opinion that the above-quoted portion of House Bill 1419 gives rise to certain constitutional concerns.
More specifically, this amendment to A.C.A. § 18-28-208 appears to allow the state to take private property without giving the owners thereof notice or an opportunity for a hearing, which is prohibited by the 14th
Amendment to the U.S. Constitution. The language of House Bill 1419 amends Arkansas' version of the Uniform Disposition of Unclaimed Property Act [A.C.A. § 18-28-201 et seq.]. That Act normally requires notice to property owners prior to disposition of their property, and provides such owners with an opportunity to claim that property. The amendment proposed by House Bill 1419 appears to create an exception to these notice requirements for local courts, law enforcement officers, and elected public officials, who may immediately (upon the property's attainment of "abandoned" status) deposit the funds (or proceeds from the sale of property) into the county general fund and use those funds. The bill allows this action without any notice to property owners, and without providing a mechanism for such property owners to claim their property.
The Arkansas Supreme Court has considered various other statutory schemes that provided for the taking of property without providing the property owner with sufficient notice and an opportunity for a hearing, and has stricken those statutes down as unconstitutional. The reasoning of these cases is the basis for my constitutional concern about House Bill 1419.
For example, in McCrory v. Johnson, 296 Ark. 231, 755 S.W.2d 566 (1988), the court considered the constitutionality of Arkansas' pre-judgment attachment statutes. The court held that these statutes violated the constitutional due process requirement, because they allowed the attachment of personal property, but failed to require that the debtor be given immediate notice of the attachment. They also failed to require prompt notice of possible state or federal exemptions from attachment, they failed to provide a mechanism for a prompt hearing on the matter, and they allowed writs of execution to be issued by a court clerk, rather than by a court.
The McCrory court relied in part upon the reasoning employed by the federal district court in Davis v. Paschal, 640 F. Supp. 198 (E.D. Ark. 1986), in which that court held that Arkansas' post-judgment garnishment statute unconstitutionally violated due process requirements because of the same types of notice deficiencies.
In the earlier case of G.A.C. Trans-World Accept. Corp. v. Jaynes,255 Ark. 752, 502 S.W.2d 651 (1973), the Arkansas court had similarly stricken down Arkansas' pre-judgment garnishment statute as violative of due process, because it failed to provide for notice to the debtor of the garnishment of accounts receivable.
More recently, in Duhon v. Gravett, 302 Ark. 358, 790 S.W.2d 155 (1990), the Arkansas court addressed the constitutionality of Arkansas' postjudgment execution laws, which did not require that judgment debtors be notified that they may claim certain state or federal exemptions from the levy of their property. The court held these laws to be unconstitutional.
The foregoing line of cases reiterates the well-established principle that constitutional due process requires, at a minimum, that the state must provide notice and the opportunity for a hearing before it can deprive a person of private property. See Mullane v. Central Hanover Tr.Co., 339 U.S. 306, 313 (1950). House Bill 1419 provides for neither. The bill violates the requirement of due process on two fronts. First, it allows local courts, law enforcement officers, and elected public officials to sell privately-owned property and deposit the proceeds thereof into the county general fund without notice to the owner. Second, the amendment will also remove the statutory safeguards of A.C.A. § 18-28-216 and allow for the use of these funds for the holders' own purposes. It allows such sales and deposits without any notice to the owner of the property, and without providing a mechanism for the owner to challenge such sales and deposits. This lack of a notice requirement would appear to place House Bill 1419 in the same league with the statutes that the Arkansas courts have stricken down as violative of the constitutional principle of due process.
For these reasons, I must conclude that House Bill 1419 could be subject to constitutional challenge.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] The Disposition of Unclaimed Property Act has previously only applied to intangible property. See Ops. Att'y Gen. Nos. 91-264; 86-025. The addition of this reference to "tangible" property creates some uncertainty as to what property is included in the scope of the Act. For this reason, a question is raised as to the interaction of the Act with court decisions and other laws governing property such as contraband and seized property. For a discussion of the proper disposition of those types of property, see Ops. Att'y Gen. Nos. 97-218 and 91-228. For recent decisions concerning those types of property, see, e.g., United Statesv. James Daniel Good Real Property, 510 U.S. 43 (1993) (absent exigent circumstances, Due Process Clause requires the Government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture); Bennis v. Michigan, 516 U.S. 442
(1996) (state abatement statute's failure to provide innocent owner defense did not violate constitution). The possible impact of currently-pending S.B. 555 should also be considered. That bill deals with asset forfeiture arising from drug activity, creating certain procedural standards that must be met before seized property can be forfeited to the state.