KAREN R. BAKER, Associate Justice ■ hOn June 1, 2015, appellant, Ramon Bal-lesteros Trujillo, was arrested in Benton County, Arkansas, and ultimately charged with two counts of aggravated assault, one count of second-degree domestic battery, one count of third-degree domestic battery, and enhanced penalty for an offense committed in the presence of children. The affidavit of probable cause for Trujillo’s arrest provided that, on May 31 and June 1, 2015, Trujillo physically abused his thirty-five-week pregnant girlfriend, Lesly Velazquez and her one-year-old son, and stated that Trujillo punched and hit both Velazquez and her son, attempted to smother her son, bound Velazquez with cable cords, and dunked her under water in a bathtub. On June 3, 2015, Trujillo appeared in district court and the district court entered a “no contact” order and set bail at $25,000 cash or surety. On that same day, Trujillo posted bond and was released. On June 12,2015, the State filed a motion to revoke Trujillo’s | ¿release status and increase Trujillo’s bail, alleging that Trujillo had violated the “no contact” order. Also, on June 12, 2015, the circuit court issued a bench warrant. On July 15 and 23, 2015, the circuit court conducted bail hearings and on. July 23, 2015, set Trujillo’s bail at “$300,000 cash.” Trujillo objected and asserted that Arkansas does not allow cash-only bail and that Trujillo’s bail was excessive. On August 12, 2015, Trujillo filed his petition for writ of certiorari and on August 19, 2015, the State responded. On September 10, 2015, we took the petition as a case and set a briefing schedule. The parties timely filed their briefs and Trujillo presents two points in support of his request that this court issue a writ of certio-rari for review: (1) the circuit court erred in setting a cash-only bail and (2) the circuit court erred in ordering $300,000 cash-only bail because $300,000 is excessive. • Standard of Review • The remedy of the writ of certio-rari is appropriate to review bail-bond proceedings. Foreman v. State, 317 Ark. 146, 875 S.W.2d 853 (1994) (per curiam); Duncan v. State, 308 Ark. 205, 823 S.W.2d 886 (1992); Thomas v. State, 260 Ark. 512, 542 S.W.2d 284 (1976). The scope and nature of the writ of certiorari has been defined as follows: Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy, and it is available to the appellate court in its exercise of superintending control over a lower court that is proceeding illegally where no other: mode of review has been provided. Lupo v. Lineberger, 313 Ark. 315, 855 S.W.2d 293 (1993). A demonstration of a plain, manifest, clear, and gross abuse of discretion is essential before this court will grant a petition [afor writ of certiorari. Shorey v. Thompson, 295 Ark. 664, 750 S.W.2d 955 (1988). Finally, with regard to our interpretation of the constitution, this court reviews the circuit court’s interpretation of the .constitution de novo, and. though this court is not bound by the circuit - court’s decision, the circuit court’s interpretation will be accepted as correct on appeal’ in the absence of a showing’ that the circuit court erred. Shipp v. Franklin, 370 Ark. 262, 264, 258 S.W.3d 744, 747 (2007). Law and Analysis Prior to reaching the merits of the issues presented, we must first determine whether the issues presented are ripe for review. The State contends that Trujillo’s arguments regarding pretrial bail lack merit and may also be moot because the record demonstrates that a trial date had been set prior to-this court reaching the merits of Trujillo’s arguments. In his reply brief, Trujillo responds that on November 30, 2015, Trujillo pled guilty to aggravated assault, second-degree domestic báttery, and third-degree domestic battery and is in- the custody of the Arkansas Department, of Correction. .However, Trujillo urges us to address ¡the issues presented because his petition . falls within an exception to the mootness doctrine as an issue of substantial public interest. Accordingly, we must determine whether Trujillo’s case is moot. • . In Cotten v. Fooks, 346 Ark. 130, 133-34, 55 S.W.3d 290, 292 (2001), we explained, . [a]s a general rule, the -appellate courts of this state will not review issues that are moot. See Forrest Constr., Inc. v. Milam, 345 Ark. 1, 43 S.W.3d 140 (2001); Dillon v. Twin City Bank, 325 Ark. 309, 924 S.W.2d 802 (1996). To-do so-would be to render advisory opinions, which this court will not do. McCuen v. McGee, 315 Ark. 561, 868 S.W.2d 503 (1994). We have generally held that a ease becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal | controversy. See Forrest Constr., Inc. v. Milam, supra; Quinn v. Webb Wheel Products, 334 Ark. 573, 976 S.W.2d 386 (1998); Dillon v. Twin City Bank, supra. This court has recognized two exceptions to the mootness doctrine, one of which involves issues that are capable of repetition, yet evade review. See, e.g., Quinn v. Webb Wheel Products, supra; Robinson v. Arkansas State Game & Fish Comm’n, 263 Ark. 462, 565 S.W.2d 433 (1978) (authority of courts to enter temporary orders despite expiration of the particular orders being litigated); Cummings v. Washington County Election Comm’n, 291 Ark. 354, 724 S.W.2d 486 (1987) (addressing question of candidate’s eligibility to run for office despite completion of election cycle). The other mootness exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. This exception arose early in our caselaw and continues today. See, e.g., Forrest Constr., Inc. v. Milam, supra (holding that an issue is a matter of substantial public importance where it involves the use of property in a large subdivision and involves the rights of a large number of people); Duhon v. Gravett, 302 Ark. 358, 790 S.W.2d 155 (1990) (holding that the question of the constitutionality of Arkansas’s judgment enforcement statutes was a substantial question that merited review despite mootness of actual controversy); Owens v. Taylor, 299 Ark. 373, 772 S.W.2d 596 (1989) (holding a substantial issue remained, despite mootness, as to whether conditions could ' be imposed on a defendant’s release from State Hospital when he was scheduled to stand trial); Cain v. Carl-Lee, 171 Ark. 155, 283 S.W. 365 (1926) (following the rule in Wilson); Wilson v. Thompson, 56 Ark. 110, 19 S.W. 321 (1892) (addressing issues despite mootness because “the cause was of practical importance”). Cotten, 346 Ark. at 133-34, 55 S.W.3d at 292. Here, Trujillo has presented two issues. Trujillo’s first issue is whether “cash only” bail is prohibited under our state law. Because the imposition of “cash only” bail affects all criminal defendants seeking pretrial release, the public, our judiciary and members of the bar, it falls within the purview of the exception to the mootness doctrine as an issue of substantial public interest. However, with regard to Trujillo’s argument regarding excessive bail, the issue presented is specific to Trujillo. Further, because Trujillo entered a guilty plea, the issue has become moot and will not be addressed. Cash-Only Bail | ^Turning to the remaining merits of Trujillo’s petition, the issue is whether the circuit court erred in setting a “cash only” bail. Trujillo asserts that a “cash only” bail violates the Arkansas Constitution, article 2, section 8. At the bail hearing, over Trujillo’s objection, the circuit court ruled that the bail was cash-only. At issue is article 2, section 8, of the Arkansas Constitution, which states in pertinent part: All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great. Id. (emphasis added). Rule 9.2 of the Arkansas Rules of Criminal Procedure, “Release on Money Bail,” provides in pertinent part as follows: (a) The judicial officer shall set money bail only after he determines that no other conditions will reasonably ensure the appearance of the defendant in court. (b) If it is determined that money bail should be set, the judicial officer shall require one (1) of the following: [[Image here]] (iii) the execution of a bond secured by the deposit of the full amount in cash, or by other property, or by obligation of qualified sureties. Trujillo contends that cash-only bail violates, “sufficient sureties” as required by art. 2, section 8 of our constitution. The State responds that the obvious and common meaning of “sufficient” and “surety” includes cash, and the meanings of these words do not indicate that cash cannot serve as the surety. |fiWe review questions of constitutional construction de novo. See Wilson v. Weiss, 370 Ark. 205, 258 S.W.3d 351 (2007). When interpreting the constitution, our task is to read the laws as they are written and interpret them in accordance with established principles of constitutional construction. Brewer v. Fergus, 348 Ark. 577, 79 S.W.3d 831 (2002). Language of a constitutional provision that is plain and unambiguous must be given its obvious and common meaning. Proctor v. Daniels, 2010 Ark. 206, 392 S.W.3d 360. Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision. Id. Further, the Arkansas Constitution must be considered as a whole, and every provision must be read in light of other provisions relating to the same subject matter. Forrester v. Daniels, 2010 Ark. 397, 373 S.W.3d 871. With these standards in mind, we turn to the language at issue, which states in pertinent part: “All persons shall, before conviction, be bailable by sufficient sureties.” As the parties indicate, this issue presented, whether “cash only” bail violates, our constitution, is an issue of first .impression. Trujillo asserts that there is a split of authority among other states and relies on State v. Barton, 181 Wash.2d 148, 331 P.3d 50, 59 (2014) for his position that “cash only” violates our constitution. ,.In Barton, the Washington Supreme Court reasoned that the purpose behind bail was to protect the accused, and held that [ajrticle I, section 20 of the Washington State Constitution guarantees those accused of bailable offenses the right to access bail by sufficient sureties. Consistent with both its historical and ordinary meaning, we hold that surety contemplates a third-party arrangement, as distinguished from the accused depositing cash or property directly with the court. Bartoin was ordered to secure his bail with a 10 pércent deposit in the amount of the bond “in cash or other security.” We hold that this order, insofar as it disallowed use of a surety, violates the constitutional mandate of article I, section 20. |7However, in Saunders v. Hornecker, 344 P.3d 771, 780-81 (Wyo.2015), the Wyoming Supreme Court held that “cash only” was constitutionally permissible and explained This Court has stated that the purpose of bail in Wyoming is to ensure the defendant’s presence to answer the charges without excessively restricting the defendant’s liberty pending trial. Miller v. State, 560 P.2d 739, 742 (Wyo.1977) (citing U.S. v. Wright, 483 F.2d 1068, 1069 (4th Cir.1973)); Vigil [v. State, 563 P.2d 1344, at 1347 (Wyo.1977)] (“It has long been settled that the.sole function of bail is to exact assurance from the accused that he will stand trial and submit to sentence if found - guilty.”) (quoting Stack v. Boyle, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951)). This is consistent with the purpose of bail enunciated by the U.S. Supreme Court. Carlson v. Landon, 342 U.S. 524, 567 n. 14, 72 S.Ct. 525, 547 n. 14, 96 L.Ed. 547 (1952); Stack, 342 U.S. at 4, 72 S.Ct. at 3. The Wyoming court ultimately held that the purpose of bail is to secure the appearance of the defendant and held that cash-only bail was constitutional. In Arkansas, like Wyoming, we have held that the purpose of bail is to ensure the presence of the defendant. The purpose of bail is to ensure the accused’s presence at trial. Therefore, bail set at a figure higher than an amount. reasonably calculated to fulfill this purpose is excessive under the Eighth Amendment of the United States Constitution and under Article 2, § 8 and § 9 of the Arkansas Constitution. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). In considering the purpose for which bail is set, we emphasized in Thomas, supra, that “Money bail in any form ought to be a last resort and should be used only to assure the defendant’s appearance.” Grey v. State, 276 Ark. 331, 333, 634 S.W.2d 392, 394 (1982). With this background, we move to the meaning, .of the term “sufficient sureties,” Black’s Law Dictionary, defines “sufficient” as “Adequate; of such quality, number, force, or value as is necessary fop a given purpose.” “Surety” as: “A formal assurance; esp., a pledge, bond, guarantee, or security given for the fulfillment of an undertaking.” Black’s Law Dictionary, 1661,1670 (10th ed. 2014). IsHere, applying the obvious and common meaning to the language in the constitution, “sufficient sureties” is an adequate, formal assurance or guarantee for the stated purpose. In other words, an adequate guarantee to ensure the accused’s presence at trial. Further, we find the analysis of the Wyoming Supreme Court’s analysis in Saunders persuasive and adopt that same reasoning here. The purpose of bail in Arkansas is to ensure the presence of the defendant, and cash only does not restrict a defendant’s constitutional rights pending trial. Accordingly, based on the plain language of the constitution and our stated purpose for bail, we hold that the term “sufficient sureties” refers to a broad range of methods to accomplish “sufficient sureties,” including cash. Accordingly, our constitution permits cash-only bail, as determined by the circuit court pursuant to Rule 9.2, and is subject to the constitutional protections’, of article 8, section 2 of our constitution. Based on the record before us, we find no error and hold that the writ does not lie. Excessive Bail As discussed above, Trujillo also 'asserts that the circuit court erred in setting excessive pretrial bail at $300,000. Having determined that this issue is moot, we do not reach this issue. Petition for writ of certiorari denied. Brill, C.J., and Hart, J., dissent.