For his sole point of appeal, Alandt contends the trial court erred in failing to grant his motion to modify the November 20, 2017 amended sentencing order to reflect that he could later petition to seal his record. The second amended sentencing order was filed after Alandt filed his brief and before the State filed its brief. In its brief, the State contends that the entry of the second amended nunc pro tunc sentencing order on June 21, 2018, rendered this appeal moot because it provided that Alandt could later petition to have his record sealed. We agree.
As a general rule, our appellate courts will not review issues that are moot. Trujillo v. State , 2016 Ark. 49, 483 S.W.3d 801. To do so would be to render advisory opinions, which this court will not do. Id. A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. Id. Two exceptions to the mootness doctrine have been recognized: 1) issues that are capable of repetition yet evade review and 2) issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. Id.
In Matlock v. State , 2017 Ark. 175, at 2, 518 S.W.3d 79, 80-81, our supreme court explained:
A circuit court has the power to correct clerical errors nunc pro tunc so that the record speaks the truth. Pursuant to Rule 60(b) (2016) of the Arkansas Rules of Civil Procedure, a trial court may at any time correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. A true clerical error is one that arises, not from an exercise of the court's judicial discretion, but from a mistake on the part of its officers. ...
A trial court maintains jurisdiction after a record is lodged on appeal to correct a judgment to speak the truth. (Once an appeal has been lodged, a trial court loses jurisdiction except to correct a judgment to speak the truth.) Generally, an issue becomes moot when any judgment rendered would have no practical *766 effect upon a then existing legal controversy. ... Because the trial court maintained jurisdiction to enter the second amended order that provided Matlock with the remedy he sought in this appeal and because the State concedes that Matlock is entitled to the jail-time credit set forth in the second amended order, the question on appeal in now moot.
Here, the appeal fits squarely within the mootness doctrine, and neither of the exceptions is applicable. The second amended nunc pro tunc sentencing order entered on June 21, 2018, provides the very thing Alandt contends the trial court erred in omitting in the November 20, 2017 amended sentencing order. Deciding this issue will have no practical legal effect because it has already been done. We therefore dismiss this appeal because the issue raised is moot.
Dismissed.
Vaught and Hixson, JJ., agree.