Cite as 2019 Ark. App. 595

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CV-19-58

| | |
|---|---|
| JESSICA DRUMMOND | **Opinion Delivered:** December 11, 2019 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23DR-12-733] |
| V. | |
| NICHOLAS BAUREIS | HONORABLE CHRIS CARNAHAN, JUDGE |
| APPELLEE | AFFIRMED |

## MEREDITH B. SWITZER, Judge

Appellant Jessica Drummond and appellee Nicholas Baureis were divorced by the Faulkner County Circuit Court in August 2012. Jessica was awarded primary physical custody of their two children, with Nicholas receiving standard visitation in accordance with the circuit court's standing order on visitation.

Jessica moved to modify visitation in February 2017. She alleged that at the time of the divorce, she and Nicholas both lived in Arkansas, but she had since moved five hours away to Texas, making every-other-weekend visitation unmanageable; that Nicholas was in danger of losing his driver's license for failure to pay child support, which would bar his ability to transport the children; that Nicholas had not exercised summer visitation since the divorce and would have no one to care for the children while he worked if he did exercise that visitation; and that he and his girlfriend were cohabitating, which was in contravention

of their divorce decree. Jessica requested that Nicholas's visitation be reduced to one weekend per month and two separate weeks during the summer.

Jessica filed a motion in March 2017 to have Nicholas drug tested. She stated she was concerned he was smoking marijuana while the children were present in his home, he had been arrested on four separate occasions for DWI, and he had lost at least one job opportunity due to a failed drug screen. The circuit court ordered Nicholas to take a hair-follicle drug test.

The circuit court held a hearing on Jessica's motion to modify visitation on January 18, 2018. On May 7, the circuit court entered an order granting Jessica's motion to modify visitation, specifically finding the following: Nicholas's March 2017 drug test was positive for marijuana and methamphetamine; since that time, Nicholas had submitted to further hair-follicle drug testing and had participated in some NA meetings and private counseling to prove he was no longer using drugs; Nicholas continued to drink alcohol despite having a history of DWIs; and standard visitation was not appropriate. Nicholas was awarded visitation one weekend per month; one week for each of the months of June, July, and August; Father's Day weekend; and scheduled holiday visitation. Over Jessica's objection, the order also contained this provision: "The Court will consider modification of the proposed visitation agreement without requiring a material change in circumstances so long as the Defendant files his Motion before May 1, 2019." Jessica does not appeal the new visitation schedule—rather, her sole point on appeal is that the circuit court erred in inserting the above provision in the order.

2

We decline to address this issue because it is moot. Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing controversy. *Trujillo v. State*, 2016 Ark. 49, 483 S.W.3d 801. As a general rule, appellate courts will not review issues that are moot because to do so would be to render an advisory opinion. *Jones v. Ross*, 2019 Ark. 283.

By its very language, the provision in question would be triggered only if Nicholas filed a motion to modify his visitation before May 1, 2019. Nicholas admitted in his reply brief, filed on June 14, 2019, that he did not file a motion to modify his visitation prior to May 1, 2019. The provision therefore never took effect and has not been applied by the circuit court in any decision or ruling. Any opinion rendered by this court on that provision would have no practical legal effect upon any existing controversy.

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*Wallace, Martin, Duke & Russell, PLLC*, by: *Valerie L. Goudie*, for appellant.

*Robertson, Oswalt & Associates*, by: *Chris Oswalt*, for appellee.