Cite as 2019 Ark. 368

# SUPREME COURT OF ARKANSAS

No. CV-19-65

| | |
|---|---|
| | Opinion Delivered: December 12, 2019 |
| JAMES TOLAND AND FIRST ARKANSAS BAIL BONDS, INC. | |
| APPELLANTS | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-14-631] |
| V. | |
| | HONORABLE TED CAPEHEART, JUDGE |
| MIKE ROBINSON, IN HIS OFFICIAL CAPACITY AS DISTRICT JUDGE OF SALINE COUNTY, BENTON [DEPARTMENT]; AND STEPHANIE CASADY, IN HER OFFICIAL CAPACITY AS DISTRICT JUDGE OF SALINE COUNTY, BRYANT [DEPARTMENT] | |
| APPELLEES | APPEAL DISMISSED. |

**JOHN DAN KEMP, Chief Justice**

Appellants James Toland (Toland) and First Arkansas Bail Bonds, Inc. (First Arkansas) (collectively, appellants), appeal an order of the Saline County Circuit Court granting a motion to dismiss filed by appellees Mike Robinson (Robinson), in his official capacity as District Judge of Saline County, Benton [Department];[1] and Stephanie Casady (Casady), in her official capacity as District Judge of Saline County, Bryant [Department] (collectively, appellees). For reversal, appellants argue that the circuit court erred in granting appellees' motion to dismiss for lack of standing and for failure to state a cause of action. We dismiss the appeal as moot.

---

[1]*See* Ark. Code Ann. § 16-17-1110(25)(B) (Supp. 2017).

## I. *Facts*

Toland was arrested on a felony charge. On September 2, 2014, Toland appeared before Robinson for his pretrial-release decision. Robinson set a "sheriff's bond" under Rule 9.2(b)(ii) of the Arkansas Rules of Criminal Procedure and ordered that Toland post bond in the amount of $25,000. Someone on Toland's behalf paid 10 percent of the bond to the Saline County Sheriff, and Toland was released from the Saline County Detention Center. At no point did Toland object to the bond prior to posting it and being released. Ninety percent of his bond amount was refunded when he appeared at his next court date. Toland pleaded guilty to his criminal charge and was taken into the custody of the Arkansas Department of Correction.

On October 14, 2014, appellants filed a complaint against appellees and separate defendant Saline County (dismissed below), alleging that the circuit court should have issued (1) a writ of mandamus to compel appellees to allow defendants to obtain a surety bond pursuant to article 2, section 8 of the Arkansas Constitution, (2) a writ of prohibition preventing appellees from violating the rights of individuals incarcerated in the Saline County Detention Center by refusing to allow them to use a bail-bond company to obtain their release, and (3) a writ of certiorari finding that appellees had exceeded their judicial authority by requiring Rule 9.2(b)(ii) bonds. Appellants sought a declaratory judgment finding that appellees had violated article 2, section 8 of the Arkansas Constitution by failing to allow the defendants to use a licensed bail-bond company. Appellants also alleged two civil-rights violations: (1) that appellees violated Toland's constitutional right to use a

bail-bond company pursuant to article 2, section 2 of the Arkansas Constitution; and (2) that appellees violated First Arkansas's constitutional rights under article 2, sections 2, 22, and 29 of the Arkansas Constitution. Appellants also requested damages, attorney's fees, and costs.

Appellees responded by filing a motion to dismiss and argued that appellants' claims were barred by judicial immunity and sovereign immunity,[2] that Toland had waived his right to challenge the bail decision by accepting the bond, that First Arkansas lacked standing to challenge the bond, and that the extraordinary writs did not apply in this case.

Appellants filed a motion for voluntary dismissal of their civil-rights claims pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure, and the circuit court entered an order dismissing those claims without prejudice. Appellants also filed a motion for voluntary dismissal of Saline County in accordance with Rule 41(a), and the circuit court dismissed Saline County from the action without prejudice.[3]

The circuit court held a hearing on appellees' motion to dismiss. On October 15, 2015, the circuit court entered an order finding that (1) appellants did not have standing to seek a declaratory judgment pursuant to article 2, section 8 of the Arkansas Constitution; (2) appellants' declaratory-judgment claim was moot because Toland had

---

[2]The circuit court did not rule on either judicial or sovereign immunity in its order, and the parties do not raise these issues to this court. The failure to obtain a ruling precludes our review on appeal. *See Greene v. Kelley*, 2018 Ark. 316.

[3]Nonsuiting a party does not prevent a final order because a plaintiff is not required to sue all the potential defendants simultaneously. *Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269 (1996).

paid his sheriff's bond; 90 percent of that payment was refunded when he appeared for his court date; and Toland had pleaded guilty and remained in the custody of the Arkansas Department of Correction; (3) First Arkansas lacked standing because it had not been denied the opportunity to pay Toland's bond, and its status as a bail-bonding company had not conferred standing; (4) Casady had not ordered Toland's bond, Toland had not appeared in Casady's court, and no causal relationship existed between Casady and any injury alleged by Toland; (5) neither Toland nor First Arkansas had stated a claim for which the extraordinary writs could be granted; (6) mandamus was inappropriate because Robinson had the discretion to order a sheriff's bond; (7) prohibition was inappropriate because Robinson had jurisdiction to order the sheriff's bond; and (8) certiorari was inappropriate because Robinson had not abused his discretion in ordering the sheriff's bond pursuant to Rule 9.2(b). The circuit court granted appellees' motion to dismiss and dismissed without prejudice all claims against appellees. Appellants timely filed their notice of appeal.

In *Toland v. Robinson*, 2017 Ark. 41, we concluded that the circuit court had not provided a Rule 54(b) certification that the civil-rights claims had been nonsuited. We held that the circuit court's order was not final and that we did not have jurisdiction to address the merits on appeal. Accordingly, we dismissed the appeal without prejudice. *Id.*

On October 8, 2018, the circuit court entered a final order, finding,

1. This Court entered a judgment dismissing the case with prejudice on October 15, 2015.

4

2. [Toland and First Arkansas] filed a timely notice of appeal and sought review by the appellate courts.

3. On February 16, 2017, the Supreme Court issued a mandate dismissing the appeal without prejudice since there was not a final order. *James Toland, et al. v. Mike Robinson, et al.*, CV-16-119. The Supreme Court determined that there was not a final order since the Civil Rights claims raised in Count Five of the complaint [were] dismissed without prejudice.

4. The mandate has been filed with this Court and no final order has been entered based upon the findings of the Supreme Court.

5. It is the desire of [Toland and First Arkansas] to have the Civil Rights claims raised in Count Five of the complaint dismissed with prejudice in order that there will be a final order.

The circuit court dismissed with prejudice the civil-rights claims and adopted all other findings and rulings in the October 15, 2015 order. From this final order, appellants timely filed their appeal.

## II. *Arguments*

### A. First Arkansas's Standing

For their first point on appeal, appellants argue that the circuit court erred in granting appellees' motion to dismiss for lack of standing. Appellants contend that First Arkansas has a vested interest in appellees' bonding practices, and as a licensed bail-bond company, it is regulated and approved by the State of Arkansas. Appellants assert that First Arkansas conducts business in Saline County, and its business is directly affected by appellees' bond-setting practices.

Appellees respond that First Arkansas lacks standing because it cannot assert Toland's constitutional rights and did not sustain an injury. Appellees contend that an

5

incarcerated person's right to choose a type of bond belongs to that person who seeks bail and that First Arkansas is not within a protected class afforded a right to be "bailable by sufficient sureties" guaranteed under article 2, section 8 of the Arkansas Constitution.

We treat the question of standing to sue as a threshold issue. *Grand Valley Ridge, LLC v. Metro. Nat'l Bank*, 2012 Ark. 121, 388 S.W.3d 24. It is a fundamental principle in American jurisprudence that in order to bring a lawsuit against an opposing party, one must have standing to do so. *Id.* Without standing, a party is not properly before the court to advance a cause of action. *Id.* Only a claimant who has a personal stake in the outcome of a controversy has standing. *Pulaski Cty. v. Ark. Democrat-Gazette, Inc.*, 371 Ark. 217, 220, 264 S.W.3d 465, 467 (2007). To be a proper plaintiff in an action, one must have an interest which has been adversely affected or rights which have been invaded. *Reynolds v. Guardianship of Sears*, 327 Ark. 770, 775, 940 S.W.2d 483, 486 (1997). A party has no standing to raise an issue regarding property in which he or she has no pecuniary interest. *Wisener v. Burns*, 345 Ark. 84, 92, 44 S.W.3d 289, 294 (2001). The question of standing is a matter of law for this court to decide, and this court reviews questions of law de novo. *Grand Valley Ridge*, 2012 Ark. 121, 388 S.W.3d 24.

For a litigant to have standing to challenge the constitutionality of a law, it must be unconstitutional as applied to him or her. *Medlock v. Ft. Smith Serv. Fin. Corp.*, 304 Ark. 652, 803 S.W.2d 930 (1991). The general rule is that one must have suffered injury or belong to a class which is prejudiced in order to have standing to challenge the validity of a law. *Id.* Constitutional rights are personal rights and may not be raised by a third party. *Id.*

6

With this well-established precedent in mind, we turn to the present case. On the issue of First Arkansas's standing, the circuit court specifically ruled,

> [First Arkansas does] not have standing to seek a declaratory judgment with respect to Ark. Const. Art. II, § 8. . . . There is no allegation that [First Arkansas] was denied the opportunity to pay Mr. Toland's sheriff's bond. Without actual injury, any declaration as to [First Arkansas] would be advisory. The status of [First Arkansas] as a licensed bail-bonding company does not confer standing.

We agree. Nothing in the record supports a finding that First Arkansas was involved in the posting of Toland's bond or that it sustained an actual injury. Thus, as to any assertion that Toland's constitutional rights were jeopardized or violated, First Arkansas lacks standing to assert those constitutional rights on his behalf. *See Kennedy v. Kelly*, 295 Ark. 678, 751 S.W.2d 6 (1988). We therefore hold that the circuit court properly ruled that First Arkansas lacked standing, and we affirm the circuit court's ruling on this point.

## B. Motion to Dismiss

For their second point on appeal, appellants contend that the circuit court erred in granting appellees' motion to dismiss for failure to state a cause of action. They contend that a defendant should have the opportunity to choose between a sheriff's bond under Rule 9.2(b) and a surety bond under the Arkansas Constitution.

Before reaching appellants' argument, we address the threshold issue of whether their claims are moot. Appellees contend that any appellate review would have no effect on Toland's pretrial-release determination because he had already pleaded guilty to the criminal charge and had already been released on a bond. Appellants replies that their case falls within one of the exceptions to the mootness doctrine.

7

1. *Mootness*

Appellate courts will not review issues that are moot. *Warren Wholesale Co., Inc. v. McLane Co., Inc.*, 374 Ark. 171, 286 S.W.3d 709 (2008). To do so would be to render advisory opinions, which this court will not do. *Id.* A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Id.*

We have held that once an appellant has been found guilty and is incarcerated, the issue of a pretrial bond is moot. *Bower v. State*, 2010 Ark. 456 (per curiam). The proper means to challenge a bond decision is by a writ of certiorari, and a party who does not seek a timely writ of certiorari from a bond decision abandons the issue. *Id.*; *see also Trujillo v. State*, 2016 Ark. 49, 483 S.W.3d 801.

Here, the circuit court ruled,

> Mr. Toland's sheriff's bond was paid and 90% of that payment was refunded when he appeared for his next court date. Mr. Toland pled guilty to his criminal charge and is now in the custody of the Arkansas Department of Correction. At best, Mr. Toland's declaratory-judgment claim is moot.

We agree with the circuit court's ruling. Toland appeared before Robinson--who set the sheriff's bond--made no contemporaneous objection to the bond at the hearing, paid the sheriff's bond, was released from custody, appeared at a subsequent hearing, pleaded guilty to his criminal charge, and was incarcerated at the Arkansas Department of Correction. Appellants subsequently filed a civil complaint in the Saline County Circuit Court alleging that their constitutional rights had been violated because Toland had not been given the

opportunity to choose between either a sheriff's bond or a licensed bond. Appellants did not raise the issue until after Toland had pleaded guilty and was incarcerated. In doing so, they have abandoned the issue. Thus, we hold that the circuit court properly found that appellants' declaratory-judgment claim was moot.

## 2. *Mootness exceptions*

Next, we address appellants' argument that this case falls within one of the two mootness exceptions. Appellants contend that appellees' use of a sheriff's bond is a common and repetitive practice and would not likely see any review because it would mean a longer incarceration for an inmate. Appellants further assert that the issue concerns a substantial public interest.

We have recognized two exceptions to the mootness doctrine: matters capable of repetition yet evading review and matters of substantial public interest that are likely to be litigated in the future. *Protect Fayetteville v. City of Fayetteville*, 2019 Ark. 28, at 3, 566 S.W.3d 105, 108. The first exception, an issue capable of repetition yet evading review, arises when the justiciable controversy will necessarily expire or terminate prior to adjudication. *Wright v. Keffer*, 319 Ark. 201, 203, 890 S.W.2d 271, 272 (1995). The second exception, matters of substantial public interest that are likely to be litigated in the future, applies when considerations of substantial public interest or the prevention of future litigation are present. *Duhon v. Gravett*, 302 Ark. 358, 360, 790 S.W.2d 155, 156 (1990).

Neither mootness exception applies in this instance. First, this issue is not capable of repetition yet evading review because it is fact-specific to Toland, particularly when he

9

did not object to the sheriff's bond at his hearing and had already posted bond when he filed his complaint. Second, the substantial-public-interest exception does not apply. In *Trujillo*, 2016 Ark. 49, 483 S.W.3d 801, the circuit court set Trujillo's bail at $300,000 cash. Trujillo made a contemporaneous objection, and before being released, filed a petition for writ of certiorari with this court. Trujillo argued to this court that his cash-only bail violated article 2, section 8 of the Arkansas Constitution. We concluded that his argument fell within the purview of the substantial-public-interest exception because "the imposition of 'cash only' bail affects all criminal defendants seeking pretrial release, the public, [and] our judiciary and members of the bar." *Id.* at 4, 483 S.W.3d at 804. We held that the term "sufficient sureties" in the Arkansas Constitution referred to a broad range of methods that accomplish "sufficient sureties," including cash, and concluded that the Arkansas Constitution permitted cash-only bail. *Id.* at 8, 483 S.W.3d at 806. This case is distinguishable from *Trujillo*, 2016 Ark. 49, 483 S.W.3d 801, because Toland failed to object to the circuit court, paid the bond, pleaded guilty to the criminal charge, and was taken into custody before raising this specific issue in his complaint. Thus, while there may be a substantial public interest in a defendant's right to choose his or her type of bond, we do not improvidently utilize either mootness exception.

We hold that the circuit court properly found that Toland's declaratory-judgment claim was moot. For this reason, we decline to reach the remaining arguments on appeal, as any review of this case would constitute an advisory opinion. Accordingly, we dismiss the appeal as moot.

10

Appeal dismissed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority errs in holding that First Arkansas Bail Bonds, Inc. (First Arkansas) does not have standing and that the case is moot.[1] It fails to recognize that First Arkansas is in the business of providing bail bonds, and it is asking the circuit court to determine whether a *policy and practice* of the Saline County district judges that steers the bail-bond business to the Saline County Sheriff, violates the Arkansas Constitution.

The complaint recites that "Plaintiff, First Arkansas Bail Bonds, Inc. (hereinafter referred to as "First Aransas") is now and all times relevant to his action a licensed bail bond company that is authorized to execute bail bonds in the State of Arkansas and has an office in Saline County, Arkansas." Further, the complaint alleges that

7. Any person held by Defendant Saline County in its detention center has to appear before Defendant Robinson or Defendant Casady for a pretrial release determination.

8. Defendant Robinson and Defendant Cassady have a policy and practice of requiring most individuals incarcerated in the Saline County Detention Center to post a ten percent cash bond with the Sheriff (hereinafter referred to as a "9.2(b)(ii) bond") as opposed to allowing the individuals to post a bond through a licensed bail bond company.

9. The policy and procedure used by Defendant Robinson and Defendant Cassady are in violation of the Arkansas Constitution. Ark. Const. Art. 2, §8 states in pertinent part:

---

[1]It is unclear why the majority believes it is necessary to bar this appeal on mootness *and* standing.

11

All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great.

The term "bailable by sufficient sureties" has been interpreted by another jurisdiction to mean that a person has a right to use a bail bond company to obtain his release. *See State Ex Rel. Sylvester v. Neal*, 140 Ohio Str. 3d 47 (July 8, 2014)

10. Plaintiff First Arkansas has been denied the right to execute bonds in Saline County based upon the policy and practice of the Defendant Robinson and Defendant Cassady, which has been indorsed and followed by Defendant Saline County.

11. Plaintiff Toland was incarcerated in the detention center operated by Defendant Saline County and was unable to be released by surety bond as guaranteed by Ark. Const. Art. 2, §8. Instead, Plaintiff Toland was required to post 9.2(b)(ii) bond at the direction of Defendant Robinson.

In *Ghegan & Ghegan v.* Weiss, 338 Ark. 9, 991 S.W.2d 536 (1999), this court held that a litigant has standing to challenge the constitutionality of a statute if the law is unconstitutional as applied to that particular litigant and that the general rule is that in order to have standing, one must have suffered injury or belong to a class that is prejudiced in order. In the case before us, First Arkansas alleges that the practice and policy of requiring criminal defendants to get Sheriff's bonds as opposed to commercial bonds denies them—and all commercial bonding companies—a business opportunity. Accordingly, First Arkansas has standing.

The majority also errs when it concludes that this case is moot. As a general rule, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (2007). As noted previously, the legal controversy is not specifically where Mr. Toland obtained his bond, but rather the policy and practice requiring that he obtain it from the Saline County

12

Sheriff. The significance of Mr. Toland obtaining his bond from the sheriff means that First Arkansas, and other similarly situated bail-bond companies, were denied a business opportunity. Furthermore, Arkansas recognizes an exception to the mootness doctrine for cases that are capable of repetition yet evade review. *See, e.g.*, *Wright v. Keffer*, 319 Ark. 201, 890 S.W.2d 271 (1995). In my view, this declaratory-judgment case is not moot, because there is no basis for this court to conclude that the challenged policy and practice has been discontinued. Accordingly, this case should be reversed and remanded for adjudication on the merits.

I respectfully dissent.

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellants.

*Leslie Rutledge*, Att'y Gen., by: *Daniel L. McFadden*, Ass't Att'y Gen., for appellees.