Cite as 2023 Ark. 162

# SUPREME COURT OF ARKANSAS
**No.** CR–22–253

| | | |
|---|---|---|
| | | **Opinion Delivered:** November 9, 2023 |
| RICKY LEE BURNETT | | |
| | PETITIONER | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-17-2541] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBIN F. GREEN, JUDGE |
| | RESPONDENT | |
| | | <u>DISMISSED AS MOOT</u>. |

**SHAWN A. WOMACK, Associate Justice**

Ricky Burnett has petitioned this court for a writ of certiorari and writ of habeas corpus. He alleges the Benton County Circuit Court violated rules 8 and 9 of the Arkansas Rules of Criminal Procedure. Specifically, Burnett alleges (1) that he appeared without counsel at his pretrial bail hearing in violation of rule 8.2 and (2) that the circuit court failed to make specific findings when setting Burnett's bail at $350,000 in violation of rule 9.2. Burnett also argues that both failures violate his due process rights and the right to be free from excessive bail under both the Arkansas Constitution and the U.S. Constitution. In his petition, Burnett requested that this court enter an order granting him a new pretrial release hearing where he would be represented by counsel, prohibiting the circuit court from setting excessive bail, and ordering that any person has the right to be represented by counsel at a pretrial hearing. However, between the filing of his petition and now, the State nol-prossed Burnett's charges, and the

circuit court dismissed the petition to revoke probation in his other cases. Accordingly, Burnett's petition is moot.

## I.  *Facts*

On January 3, 2022, Ricky Burnett was arrested for building and detonating an explosive device in a public park.  On January 4, 2022, Burnett appeared for a pretrial release hearing via Zoom.  He appeared without counsel.  At the hearing, the Deputy Prosecutor noted Burnett had fourteen prior convictions, was on probation for eight felonies, and had been arrested twenty-three times for failure to appear.  Thus, he believed Burnett would not appear in this case.  The circuit court then reviewed the affidavit of probable cause and set Mr. Burnett's bond at $350,000 cash to ensure his appearance in this case.  An order was entered finding that probable cause existed to continue detaining Burnett.  In its order, the circuit court noted Burnett was not being appointed counsel in the hearing and it directed Burnett to contact the public defender's office.

On February 22, 2022, the State charged Burnett with criminal use of a prohibited weapon and criminal acts involving explosives or a destructive device—both Class B felonies. At his March 2, 2022, arraignment, Burnett was represented by a public defender and two private attorneys, including Burnett's appellate counsel.  The public defender was allowed to withdraw from the case at the hearing, and the circuit court asked whether Burnett's hired counsel wished to readdress the issue of bail, and Burnett's counsel declined to do so.  That same day, a grand jury indictment was filed in the United States District Court, Western District of Arkansas, alleging Burnett knowingly made a destructive device and knowingly possessed a destructive device.  *United States v. Ricky Lee Burnett*, 5:22–CR–50009–001, Indictment, Document 1 (W.D. Ark. Mar. 2, 2022).  Burnett pled guilty in federal court to one count of

aiding and abetting the possession of a destructive device and was sentenced to thirty-three months' imprisonment. On April 27, 2022, Burnett filed this "Petition for Writ of Certiorari and Habeas Corpus." On May 5, 2022, the State's charges against Burnett were nol-prossed, and the petitions to revoke his probation were dismissed.

## II. *Analysis*

As a threshold matter, we address the issue of whether Burnett's claims are moot. Appellate courts will not review issues that are moot. *Toland v. Robinson*, 2019 Ark. 368, 590 S.W.3d 146 (citing *Warren Wholesale Co., Inc. v. McLane Co., Inc.*, 374 Ark. 171, 286 S.W.3d 709 (2008)). To do so would be to render an advisory opinion, which this court will not do. *Id.*

Between the filing of Burnett's petition and now, the State nol-prossed Burnett's charges, and the circuit court dismissed the petition to revoke probation in his other cases. Accordingly, Burnett cannot seek a writ of habeas corpus because he is no longer in custody. *See* Ark. Code Ann. § 16-112-103 (Repl. 2016). Likewise, he cannot seek a writ of certiorari for errors in his pretrial hearing because the charges were effectively dismissed. Because Burnett is no longer eligible for the relief he seeks—as the charges were effectively dismissed—there is no remaining legal controversy, and the petitions are moot. *See, e.g.*, *Trujillo v. State*, 2016 Ark. 49, at 3–4, 483 S.W.3d 801, 803–04 (holding that "a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy").

There are two exceptions to mootness: matters capable of repetition yet evading review and matters of substantial public interest that are likely to be litigated in the future. *Toland*, 2019 Ark. 368, at 9–10, 590 S.W.3d at 152. Neither is applicable here. An issue capable of repetition yet evading review arises when the justiciable controversy will necessarily expire or terminate

prior to adjudication. *Id*. Matters of substantial public interest that are likely to be litigated in the future applies when there are considerations of substantial public interest which, if addressed, would prevent future litigation. *Id*. Neither exception is used improvidently in situations that are uniquely specific to an individual. *See, e.g.*, *Trujillo*, 2016 Ark. 49, at 4, S.W.3d at 804; *Toland*, 2019 Ark. 368, at 9–10, 590 S.W.3d at 152.

Here, Burnett's claims do not fall within either exception to the mootness doctrine. With respect to Burnett's excessive-bail claim, claims regarding excessive bail are generally specific to the individual defendant and are not an exception to the mootness doctrine. *See Trujillo*, 2016 Ark. 49, at 8, S.W.3d at 806 (holding Trujilo's claim that a $300,000 bail was excessive was moot because he pled guilty and an exception to mootness did not apply); *see also Toland*, 2019 Ark. 368, 9-10, 590 S.W.3d 146, 152 (holding Toland's bail claim was moot because he did not object to the bond at his hearing and he had posted bond before he filed his complaint, thus an exception to mootness did not apply). Burnett's claim that his $350,000 bail is excessive is likewise moot. Like *Trujillo* and *Toland*, Burnett's excessive-bail claim is specific to him, and does not fall under either exception to mootness. In addition, Burnett failed to preserve this argument below. *See Arnold v. Spears*, 343 Ark. 517, 525, 36 S.W.3d 346, 350–51 (2001) (explaining even in extraordinary-writ proceedings, the petitioner must have made the argument below to raise them on appeal). Because the charges brought against Burnett were essentially dismissed when they were nol-prossed by the State, and Burnett is no longer eligible for the relief he seeks, this claim is now moot.

Turning to Burnett's claim that he was improperly denied appointment of counsel at his pretrial hearing, this claim is also specific to Burnett and is moot. Similar to *Toland*, Burnett's counsel failed to raise this issue when presented the opportunity by the circuit court at his

4

arraignment hearing and his charges have been nol-prossed. *Toland*, 2019 Ark. 368, 9–10, 590 S.W.3d at 152. And, although there may be a substantial public interest in a defendant's right to appointment of counsel at a pretrial hearing, "we do not improvidently utilize either mootness exception." *Id*. Simply put, the facts before this court do not justify the utilization of the substantial public-interest exception to mootness. This does not necessarily foreclose the utilization of the substantial public interest exception based on a defendant's right to appointment of counsel at a pretrial hearing under a different set of facts. Here, however, the facts are clear that the charges brought against Burnett were nol-prossed, and he is no longer eligible for the relief he seeks. He also failed to preserve this issue below. For these reasons, this claim is also moot.

In sum, Burnett's petition is moot. For this reason, we decline to reach the remaining arguments on appeal, as any review of this case would constitute an advisory opinion.

Dismissed as moot.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for petitioner.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for respondent.

*John Wesley Hall*, counsel for amicus curiae Deason Criminal Justice Reform Center; and *Malia N. Brink* and *Pamela Metzger*, Deason Criminal Justice Reform Center SMU Dedman School of Law, of counsel to amicus curiae Deason Criminal Justice Reform Center; amicus curiae brief of Deason Criminal Justice Reform Center in support of the petitioner.