Cite as 2026 Ark. App. 91

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-831

| | |
|---|---|
| NICHOLAS JACKSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered February 11, 2026<br><br>APPEAL FROM THE MARION COUNTY CIRCUIT COURT<br>[NO. 45CR-20-94]<br><br>HONORABLE JOHN R. PUTMAN, JUDGE<br><br>AFFIRMED |

**CINDY GRACE THYER, Judge**

Appellant Nicholas Jackson was convicted by a Marion County jury of three misdemeanor offenses and sentenced to a year in jail, a $7500 fine, and court costs. On appeal, Jackson does not challenge the sufficiency of the evidence supporting any of his convictions. Instead, he argues that Arkansas Code Annotated section 12-41-505 (Supp. 2025) as well as Marion County Ordinance No. 2005-15 are unconstitutional.

The original criminal information in this case was filed on October 8, 2020.[1] Jackson's arraignment date was set for October 18, and a trial was initially scheduled for the

---

[1]Jackson was charged with felony counts of kidnapping, aggravated assault, breaking or entering, terroristic threatening, and endangering the welfare of a minor (two counts); in addition, he was charged with misdemeanor counts of resisting arrest and criminal trespass. An amended information, filed in February 2022, added a count of first-degree false imprisonment.

week of March 15, 2021. On November 12, 2020, the State filed a "notice of certain fees that may be applied in this case," informing Jackson that in the event he was convicted, certain statutory fees might apply. In addition to court costs, warrant service fees, and DNA fines, the State informed him that fees could be imposed pursuant to section 12-41-505 and Marion County Ordinance 2005-15, which permits the county to charge a person $50 each day that the person is held in the Marion County jail. This statute and ordinance are referred to throughout the case as establishing a "pay for stay" system.

Jackson bonded out of jail in March 2022, and after numerous continuances, he was eventually tried in May 2024. The jury acquitted him of the kidnapping and aggravated-assault charges but found him guilty of second-degree false imprisonment, second-degree terroristic threatening, and criminal trespass.[2] After the trial concluded, Jackson brought up the "pay for stay" issue, asserting that the enabling statutes were unconstitutional. The court said that if Jackson would "look into that a little more," it would "not sign the judgment 'til we've got that straightened out." The court added, "Just file something, and I'll look at it."

Jackson then filed a motion seeking to have Arkansas Code Annotated section 12-41-505 declared unconstitutional and objecting to the imposition of "pay for stay" costs. However, despite the court's statement that it would not "sign the judgment," a sentencing order was nonetheless entered that sentenced Jackson to twelve months in the county jail

---

[2]The counts of breaking or entering, endangering the welfare of a minor, and resisting arrest were dismissed.

and reflected "pay for stay" costs totaling $18,305. Jackson then moved for posttrial relief pursuant to Arkansas Rule of Criminal Procedure 33.3. In addition to challenging the constitutionality of the statute, he argued that he was never afforded a hearing on the issue[3] nor had he been provided with any kind of invoice for the "pay for stay" costs as required by Marion County Ordinance 2005-15. He asked either that the "pay for stay" costs be struck from the sentence and an amended sentencing order be filed or that his motions be set for a hearing.

The circuit court held a hearing on Jackson's motion. Cassandra Foster, the jail administrator for the Marion County Sheriff's Office, testified regarding the jail's practices with regard to the inmates' "books." She said that she had never produced an invoice for inmates' "pay for stay" and had never directed anyone else to do so. On cross-examination, she explained that the pay-for-stay amount had been transmitted from the sheriff's office to the prosecutor's office to be included in an inmate's costs; those amounts had historically been added to judgments issued by the court. On redirect, she added that the pay-for-stay information could be transmitted in the form of an email, phone call, or text message. Amber Knowles, an employee of the Marion County Treasurer's Office, testified that the money from the sheriff's office is deposited into the county's jail-fund account. At the end of the hearing, the court took the matter under advisement, saying it needed to "look at it."

---

[3]Jackson conceded that a hearing had originally been scheduled, but the courthouse was closed due to flooding that day, so the matter was continued.

The circuit court eventually entered an order in which it found that the State did not produce an invoice for Jackson's pay for stay, as required by Marion County Ordinance 2005-15. Accordingly, the court denied the State's request for pay for stay and directed the State to "amend any sentencing order that may have been filed to delete any amount for Pay for Stay." In addition, although it found it unnecessary to the disposition of Jackson's motion, the court addressed Jackson's constitutional arguments and found them to be without merit. An amended sentencing order was subsequently entered, sentencing Jackson to one year in the county jail and ordering him to pay $150 in court costs, a $7500 fine, and a $40 administrative fee. This amended order did not impose "pay for stay" costs.

On appeal, Jackson argues that Arkansas Code Annotated section 12-41-505 and Marion County Ordinance 2005-15 are unconstitutional.[4] He asserts that they violate the

---

[4]Section 12-41-505 provides in relevant part the following:

(a)(1) Every person who is committed to the common jail of the county by lawful authority for any criminal offense or misdemeanor, if he or she is convicted, shall pay the expenses in carrying him or her to jail and also for his or her support from the day of his or her initial incarceration for the whole time he or she remains there.

(2) The expenses which accrue shall be paid as directed in the act regulating criminal proceedings.

Marion County Ordinance 2005-15 provides that "[w]hen each non-Municipal Corporation or Incorporated Town prisoner is delivered to court, the Sheriff or Sheriff's Designee shall provide the Prosecuting Attorney an invoice for expenses in carrying him/her at the initial incarceration and for the whole time he/she remained there, so the Judge can hear the detainee's side of the story regarding the imposition of the Pay for Stay Ordinance expenses as an additional element of cost to be assessed as a part of the judgment upon

4

Eighth and Fourteenth Amendments to the United States Constitution and article 2, sections 9 and 16 of the Arkansas Constitution by imposing excessive fines, condoning cruel and unusual punishment, and allowing for imprisonment for civil debts. In addition, he asserts that these provisions violate the Equal Protection clauses of the federal and state constitutions. He further claims that section 12-41-505 is void for vagueness and overly broad.

We decline to address the merits of Jackson's arguments, however, because they are moot. An issue is moot when any judgment rendered would have no practical legal effect upon an existing legal controversy. *Anderson v. State*, 352 Ark. 36, 98 S.W.3d 403 (2003). Jackson acknowledges that the amended sentencing order did require him to pay any expenses related to his incarceration. Accordingly, a decision by this court on the constitutionality of the implementing statute would have no effect on Jackson.

Jackson nonetheless argues that an exception to the mootness doctrine applies, asserting that the issue is one that is capable of repetition but evading review. *See, e.g., Siegel v. State*, 2021 Ark. 228, 635 S.W.3d 313. An issue capable of repetition yet evading review arises when the justiciable controversy will necessarily expire or terminate prior to adjudication. *See Wright v. Keffer*, 319 Ark. 201, 203, 890 S.W.2d 271, 272 (1995). Moreover, both prongs, i.e., being capable of repetition *and* evading review, must be met. *See Gillespie v. Brewer*, 2019 Ark. App. 275, at 9, 577 S.W.3d 59, 65.

---

conviction, and reduce the assessed amount to judgment." *See* Marion County, Ark., Code of Ordinances § 320.01(3) (2022).

Jackson asserts that claims such as his are "capable of repetition in every felony case in Marion County in this particular circuit court where a defendant has spent some part or all of his prejudgment time in custody in Marion County." He does not explain, however, how such a matter would evade review. We will not make a party's arguments for him or her, *see McGahey v.* State, 2024 Ark. App. 30, 683 S.W.3d 211, and we decline to apply this exception to the mootness doctrine.[5]

Affirmed.

HARRISON and TUCKER, JJ., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

---

[5]There is a second exception to the mootness doctrine for matters of substantial public interest that are likely to be litigated in the future. *Burnett v. State*, 2023 Ark. 162, 677 S.W.3d 191. While Jackson addresses the "capable of repetition" exception to mootness, he does not develop an argument regarding the "substantial public interest" exception, precluding our review. *See McGahey*, *supra*.